Schermerhorn *v.* Van Allen.

<hr />

## SCHERMERHORN *vs.* VAN ALLEN.

In an action to recover compensation for services as an attorney, and for disbursements and counsel fees, the defendant, under an answer denying each and every allegation in the complaint, and denying that he is justly indebted to the plaintiff, may prove any circumstances tending to show that he was never indebted at all, or that he owes less than is claimed.

THIS was an appeal by the defendant from a judgment entered upon the report of a referee. The action was brought to recover compensation for services as an attorney, and for disbursements paid, and for counsel fees. The complaint was

in very general terms. It alleged that the defendant was indebted to the plaintiff in the sum of one thousand dollars, for the work, labor, services and advice of the plaintiff as an attorney, solicitor and counsellor, done and performed in the prosecution and defense of divers causes, suits and actions in the supreme court of this state, and in the court of common pleas and county court of Columbia county, and in courts of justices of the peace, upon the retainer and at the request of the defendant, and for moneys and disbursements paid, and expenses incurred for the said defendant, and upon his request, and for divers reasonable counsel fees justly due to the said plaintiff, and money laid out and expended for the defendant and at his request, &c. The answer denied each and every of these allegations, and denied, further, that the defendant was justly indebted to the plaintiff in any sum of money whatever. On the trial before the referee, the plaintiff proved that he had acted as attorney and counsel for the defendant in two suits; that the taxable costs in one suit were over $50, and in the other $85, and that $50 in each suit was a reasonable charge for counsel fees. The counsel for the defendant then offered to prove: *First.* That in one of the suits, which was against one Van Valkenburgh, it had been agreed between the parties to this suit that in case of a recovery, so as to carry costs, the plaintiff was to look to the defendant in that suit for his costs, and that in any event he was not to charge the present defendant more than twenty-five dollars for his services in the suit, as attorney and counsel. *Secondly.* That in the other case, in which McArthur was plaintiff in error and the present defendant was defendant in error, there was a contract made between the parties to this suit, that if the plaintiff should succeed in reversing the judgment of the justice, he was then to look to McArthur for his costs, and to no one else; and in case he did not succeed in reversing the judgment, then he was not to charge the defendant any thing for his services as attorney and counsel; and if he was permitted by the defendant to bring a certiorari, he would take the same on his own responsibility. This evidence was objected to by the plaintiff's counsel as inad-

Schermerhorn *v.* Van Allen.

missible, under the answer of the defendant, and was excluded by the referee. The referee reported in favor of the plaintiff, for $231.87.

*J. H. Reynolds,* for the plaintiff.

*R. W. Peckham,* for the defendant.

*By the Court,* PARKER, J. It seems to me the evidence was improperly excluded. Under a general allegation of indebtedness, the plaintiff had proved certain services rendered, and their value. It was surely competent for the defendant, under a denial of such indebtedness, to prove that he never incurred nor owed the debt. He had a right to prove that the services were rendered as a gratuity, either as to the whole or in part; or that the plaintiff had himself fixed a less price for their value than he claimed to recover. The services being proved, the defendant might show that they were rendered not for him, but on the credit of some other person; or that the plaintiff himself undertook to run the risk of the litigation. It was not an attempt to show an extinguishment of the alleged indebtedness by payment, release or otherwise; but it was an offer to show that such indebtedness never existed. The defendant was at liberty to prove any circumstances tending to show that he was never indebted at all, or that he owed less than was claimed.

Suppose, under such a general complaint, a merchant had proved he had sold ten yards of cloth worth five dollars a yard; can it be doubted but the defendant would have been at liberty to prove that when he sold it he fixed the price at three dollars, a yard; or that he gave it to the defendant; or agreed to look to some other person or friend for his pay? I have no doubt it would have been competent in this case for the plaintiff to have proved that he had agreed on a certain sum as compensation for the whole or for any portion of the services rendered; and I cannot see why it was not equally the right of the defendant

to prove, on his part, an agreement as to the rule of compensation.

The pleader who drew the complaint in this case has made use of the old form of a general count in assumpsit; and under such a count, for goods sold and services rendered, it was always competent for the plaintiff to prove, and of course for the defendant to controvert, that certain prices had been agreed upon between the parties. The counsel for the plaintiff argues that this was like an action of assumpsit upon a note, where, under the late practice, a partial failure of consideration could not be shown under the general issue, without notice, (2 *Coms.* 157;) or where, in assumpsit by an attorney against his client, a partial defense was claimed on the ground of the plaintiff's negligence in conducting the suit; in which case the same rule as to pleading prevailed. (11 *John.* 547. 9 *Cow.* 57.) But those cases are not analogous; for in neither of them was the question in controversy what the contract was. Both defenses rested on matters subsequent to the contract. In this case the only question involved was what was the contract, and that was the question directly in issue.

For the error in excluding this evidence the judgment entered on the report of the referee must be reversed, and a new trial awarded.

[ALBANY GENERAL TERM, May 2, 1853. *Watson, Parker* and *Wright,* Justices.]