## SUPREME COURT.

JOSEPH J. GILBERT, JR., and others, agt. THOMAS W. CRAM.

Where the complaint avers, in an action on contract, the sale and delivery of a bill of goods on a certain day, whereby the defendant is now indebted, &c., and the answer avers, that they were purchased on a credit of six months, and that the credit has not expired, it is not new matter in the answer requiring a reply, but a *special denial* that the defendant is indebted, as alleged in the complaint.

*New-York Special Term, April,* 1855.
MOTION to strike out plaintiffs reply.

BENJAMIN GALBRAITH, *for motion.*
DANIEL GRAY, *opposed.*

MORRIS, Justice. The complaint is in assumpsit for goods sold and delivered on the 12th of October, 1854, and avers, " That thereupon the defendant *is now* indebted to the plaintiffs in, and the plaintiffs demand judgment against the defendant for $523.05, with interest thereon from October 12th, 1854."

The answer of the defendant admits the purchase of the goods, &c., and avers they were purchased *upon a credit of six months, and that the credit had not expired.*

This allegation in the answer is not " A statement of *new matter constituting a defence,*" but is merely a special denial of the plaintiffs' allegation, that " the defendant is now indebted to the plaintiffs"—a denial of the *contract set up by the plaintiffs.* New matter is where the contract is admitted, and the matter set up *avoids* the contract—not where the matter set up *denies* the contract.

The plaintiffs were not entitled to reply to the defendant's answer. The reply is, therefore, irregular, and must be stricken out, with costs.

The facts pleaded by the plaintiffs in their reply, should have

been stated in their complaint, and then the defendant would have had an opportunity to deny them.

If the plaintiffs desire, they may amend their complaint upon paying defendant $10 costs of this motion.