## SUPREME COURT.

DAVID C., JUDSON appellant, agt. WILLIAM STILWELL respondent.

It is a well settled principle of law, that if goods are sold by a factor or *agent* in his own name, without disclosing his principal, the purchaser has a right to *set-off a debt due from the agent*, in an action by the principal for the price of the goods.

But where the purchaser has *good reason to believe* that the vendor is acting as *agent* of some other person in making the sale, he will not be entitled to the

benefit of a set-off of his demand against the agent. And a mere *general notice*—such as that the purchaser knew by report that the vendor was selling goods for another, or doing business in somebody else's name, or that he was acting as agent—is sufficient to deprive the purchaser of a set-off against the agent.

*St. Lawrence General Term, March*, 1864.

ROSEKRANS, BOCKES, JAMES and POTTER, *Justices*.

APPEAL by plaintiff from judgment of county court reversing the judgment of a justice of the peace.

Bush delivered a sewing machine to the defendant to try, and if upon trial he should be satisfied with it, to keep, for $45, to be paid in a short time afterwards. Subsequently the defendant expressed satisfaction with the machine to Bush, and paid him $20 of the price.

Bush was the agent of the plaintiff in selling sewing machines, and the machine sold to the defendant was one of them. At the time of sale, the defendant knew by report that Bush was doing business in somebody else's name. Bush advertised his business as agent, all along, in the village papers. At the time of sale, Bush did not represent to the defendant that he was acting for another. The defendant did not know from any one that the machine belonged to anybody else than Bush. The defendant did not know that any other person owned it. Bush offered to take a part of the price in groceries. He delivered to the defendant at the same time—the time of sale—a written bill of sale, of which the following is a copy :

Mr. William Stilwell, bought of R. W. Bush :

| | | |
|---|---|---|
| 1 Wheeler & Wilson sewing machine | $45 | 00 |
| Credit by cash | 20 | 00 |
| | $25 | 00 |

Ogdensburgh, Feb. 4, 1862.

The defendant did not see Bush's advertisement until after the purchase of the machine. At the time of the purchase the defendant held and owned Bush's matured, and past due, and unpaid note, of an amount larger than

the unpaid balance of the purchase price of the machine.

The justice gave judgment for the plaintiff, excluding the set-off. The St. Lawrence county court reversed that judgment, and the plaintiff appeals to this court.

MYERS & MAGONE, *for appellant.*

I. The defendant not having pleaded any set-off, was not entitled to have any allowed.

Up to the present time the pleadings present no issue upon a set-off. But perhaps, if it were " in furtherance of justice " to place the respondent in a position whereby he might acquire the payment of a debt against an insolvent, purchased for fifty cents on the dollar, out of the property of an innocent party, against whom, individually, he does not profess to have any legal, moral or equitable claim whatever, then perhaps, the court might allow the amendment. But when such amendment would be " in furtherance of " injustice, and of the designs of " a prowling assignee," the court looking kindly on a technical objection, interposed to obstruct a technical and dishonest claim, will not exercise its powers to accomplish a wrong.

II. There being no evidence of any set-off in the case, the defendant was not entitled to have any allowed.

The note sought to be set-off was not read nor put in evidence. The signature of Bush was merely identified. Why it was done remains unexplained. It may have been altogether for a different object than that of offsetting it against the plaintiff's demand. In fact the condition of the defendant's answer in not pleading a set-off shows conclusively that identification of signature must have been for another purpose.

But suppose it was intended, when signature was proved, to introduce the note by way of set-off, and the intention was abandoned, either from supposing it (as we claim) not to be a proper set-off against Judson, or for some other

reason. Can the court now relieve the defendant from the effects of the act ? The Code, we admit, is very ample in its power of correcting the mistakes of careless and unwary attorneys, but it is respectfully suggested that it has not gone the length of patching up a case by supplying testimony which may have been intentionally withheld, or carelessly omitted to have been given.

III. But even if the note had been pleaded and read in evidence, it was not a proper set-off to the plaintiff's demand, inasmuch as the respondent knew, or had good reason to suppose at the time he purchased the sewing machine, that it was not the property of Bush.

That the machine was in fact the property of Judson, the respondent does not attempt to deny. That when he bought it he knew that Bush was selling sewing machines in somebody else's name, he expressly admits in his testimony. He claims, however, that inasmuch as he did not know such principal to be Judson, he should be allowed to pocket the avails of his speculation. In other words, notwithstanding his knowledge of Bush's whole action in business was as agent for some person, there being no pretence of his being engaged in business for himself—remaining persistently ignorant of the name of such principal, so that he could conveniently swear as he did, that he did not know from any one that the machine belonged to anybody else than Bush ; that he has entitled himself, as the reward of well-timed supineness to wring the avails of his worthless note out of the property of a stranger. Let us see if the law sanctions such sharp financiering as this.

Conceding (for it is needless to the argument to dispute it) that as a general rule a vendee dealing with an agent not disclosing the name of his principal, retains his right to set-off a claim against the former, even in a suit brought by the latter, yet it will be found to be equally well settled that if the vendee knows the man with whom he is dealing is acting as agent, even though he may not know the prin-

cipal's name, it is sufficient to change the rule and destroy the right of set-off, as against such principal.

In *Hogan & Miln* agt. *Shorb*, (24 *Wend. Rep.* 458, at p. 462,) BRONSON, Justice, says : " When the name of the principal is disclosed at the time of sale, the vendee has no right to set up any equities between himself and the factor to defeat the action of the owner ; and the same consequence will, I think, follow if the vendee knew or had good reason to believe he was dealing with the agent of another, although the name of the principal was not disclosed."

The same doctrine is also clearly upheld in *Maans* agt. *Henderson*, (1 *East*, 169.)

In the editor's note to the case of *George* agt. *Claggett*, (2 *Smith's Leading Cases*, old paging 77, *p.* 185 *of 5th American edition*,) after stating the general rule that ignorance of the agency will permit the vendee's demand against the agent to be used as a set-off against the principal, he proceeds to say : " However, the latter part of this rule only applies where the party contracting has not the means of knowing that the party with whom he contracts is but an agent. If he have the means of knowing, and though he may not be expressly told, still must be supposed to have known that he was not dealing with a principal, but with an agent, the reason of the above rule ceases, and then *cessante ratione, cessat lex.*"

In *Baring* agt. *Corrie*, (2 *B. & A.* 137,) Coles & Co. who were brokers and also general merchants, sold to Corrie & Co. in their own names, sugars belonging to Baring, Brothers & Co. who brought this action for the price. The vendees sought to set-off a demand against Coles & Co. The true nature of the contract was entered by Coles & Co. in their broker's book, which the defendants might, if they pleased, have seen. BAYLEY, J. said : " There is another circumstance by which the defendants might easily have ascertained whether Coles & Co. acted as brokers or

not. According to the usual course of dealing, a broker· is bound to put down in his book an account of the sales· made by him in that capacity, so that if the defendants had asked to see the book they would instantly have discovered whether Coles & Co. had acted as brokers or not. I therefore think that the defendants were not imposed on, and even supposing they were, they were guilty of gross negligence. I cannot think that the defendants believed when they bought the goods, that Coles & Co. sold them on their own account, and if not, they cannot have a defence to the action."

The facts of the case cited were much stronger in favor of the defendant than the one under consideration. Coles & Co. besides being brokers, carried on a general merchant business on their own account. The only business pretended to be carried on by Bush was for somebody else than himself. It was much easier to suppose, therefore, that Corrie & Co. might have been deceived as to the nature of their transaction with Coles & Co. whether it was with them as agents or principals, than that Stilwell, with his knowledge of the fact that Bush's sole business was transacted in the name of another, could have believed for a moment that Bush was acting as principal. In other respects the cases are similar—there was the same kind of voucher or receipt for the article sold, made out in the name of the agent—there was the same gross negligence in not making inquiries in each case.

In *Henry* agt. *Marvin*, (3 *E. D. Smith*, 71,) the court not only holds the rule to be as enunciated in the cases just cited, but goes far beyond it, and decides that in no case can the principal be mulcted in the amount of a pre-existing debt which the vendee held against the agent. They say : "When an agent for another sells the principal's goods, the purchaser may pay the purchase money to the agent, or settle with the agent by any bona fide arrangement by which he parts with money or property upon the

faith of the agent's apparent authority in the matter. But placing the amount to the credit of the agent against a pre-existing indebtedness is not such a payment, and the principal (the owner of the goods) may recover therefor, notwithstanding such credit, and although at the time of the sale the purchaser was not informed of the name of the principal, and this is especially true when the purchaser was aware that the goods were held by the vendee as agent for sale." (*See also Brown* agt. *Robinson*, 2 *Caine's Cas.* 343.)

IV. The knowledge of Stilwell that Bush was acting as agent in the sale of the sewing machine, was a question of fact for the justice to decide, and he having found in favor of the plaintiff thereon, his finding (inasmuch as there is at least some evidence to support it) cannot be reviewed on appeal.

The evidence going to show such knowledge is:

1st. The defendant's admission that he knew by report that Bush was doing business in somebody else's name.

2d. The equivocal, negative testimony of the defendant, and his evident laboring to avoid committing himself by swearing to belief, and confining himself to actual knowledge.

Schedule A in no manner shows that Bush was the owner of the machine. It is not a bill of sale, but a mere voucher or receipt. (*See Filkins* agt. *Whyland*, 24 *N. Y. Rep.* 338.)

For authorities on the proposition that a finding of fact by a justice, when there is some evidence to support it cannot be reviewed on appeal. (*See Supreme Ct.* 1815, *Wooden* agt. *Hoofut*, 12 *Johns.* 298; 1841, *Whitney* agt. *Crim*, 1 *Hill*, 61; 1842, *Baum* agt. *Tarpeny*, 2 *id.* 75; 1845, *Carman* agt. *Newell*, 1 *Den.* 25; 1849, *McDonald* agt. *Edgerton*, 5 *Barb.* 560; 1851, *Dunckle* agt. *Knocker*, 11 *id.* 387; 1852, *Adsit* agt. *Wilson*, 7 *How. Pr.* 64; *Kasson* agt. *Mills*, 8 *id.* 377; 1854, *Bennett* agt. *Scutt*, 18 *Barb.* 347; 1856, *Rogers* agt. *Ackerman*, 22 *id.* 134 *N. Y. Com. Pls.*; 1850, *Needles* agt. *Howard*, 1 *E. D. Smith*, 54.)

V. The judgment of the court should be reversed and that of the justice affirmed with costs. Every principle of law and equity demands it.

J. Macnaughton, *for respondent.*

I. The defendant did not know that Bush was the agent of the plaintiff.

The general rule of law applicable to purchases from an agent, by one not knowing his representative character, and not having good reason to believe the fact, is stated in the elementary books :

" If an agent be permitted to deal as if he were a principal, the party dealing with him and ignorant of his representative character, is entitled to the same rights against him as if he were in fact principal, so that under these circumstances he may set off against the demand of the principal, a debt due from the factor to himself. (*Dunlap's Paley on Agency*, 325 ; *Story on Agency*, 3d ed. § 390.)

*Rabone* agt. *Willlams*, (7 *T. R.* 356, *No. a*,) was as follows : The plaintiffs sold goods to the defendant by means of the house of Rabone, their factors. The defendant, vendee of the goods, set off a debt due to him from Rabone, the factor, upon another account. Lord Mansfield, Ch. J.: "When a factor dealing for a principal, but concealing that principal, delivers goods in his own name, the person contracting with him has a right to consider him, to all intents and purposes, as the principal; and though the real principal may appear and bring an action upon that contract against the purchaser of the goods, yet that purchaser may set off any claim he may have against the factor, in answer to the demand of the principal. This has been long settled." (*See the same principle decided in George* agt. *Claggett*, 2 *Smith's Leading Cases*, reported also in 7 *T. R.* 399 ; *and see notes to the report in* 2 *Smith's Leading Cases ; Stacy* agt. *Decy*, 7 *T. R.* 361 ; *Blackburn* agt. *Schooles*, 2 *Camp.* 341.)

Subsequent cases uniformly follow and sustain this doc-trine. It is asserted emphatically by BRONSON, Ch. J. in *Hogan* agt. *Shorb*, (24 *Wend. R.* 458). If the sale be in terms for cash, the vendee has the same right of off-set. (*Id.* 11 *Pick. R.* 159.)

II. The defendant had not good reason to believe he was dealing with an agent.

In the case in *Wendell*, the court says : "It will not do to guess that the vendee had notice, but it must appear from the nature of the transaction, or from something which transpired before the contract was completed, that the vendee had good reason to believe he was dealing with an agent."

The defendant's knowledge by "report," that Bush was doing business in somebody else's name, might have suggested an inquiry as to the representative character of Bush, had not Bush's conduct and acts contradicted the truth of the report, and had they not also conveyed positive information that Bush was owner of the machine, and dealing on his own account.

Bush did not represent his agency. He offered to take a part of the price in groceries,—factors usually selling for cash.

He made a bill of sale in writing, and delivered it to the defendant at the time of sale, representing himself on it as proprietor, thus positively contradicting what defendant had heard by report—that he was doing business in another's name—affirming his ownership, and forestalling any inquiry that the report could have suggested.

III. The defendant was not bound to make inquiry as to the ownership of the property, but he should have been afforded good reason to believe "that the person with whom he dealt was agent." (*Hogan* agt. *Shorb, above cited.*) .

The rule *caveat emptor* does not apply to the title to per-sonal property, but only to the quality. The person in possession of personal property offered for sale, impliedly

warrants the. title in himself when he assumes to act as principal, and in his principal when he assumes to act as agent. (2 *Kent's Com. title Caveat Emptor ; Burrill's Law Dictionary, same title.*)

IV. If a loss must ensue in this case, it must fall on the plaintiff.

The rule is, that when a loss must fall on one of two innocent parties by the deceit of a third, it should fall on him who by his confidence and trust puts the deceiver in motion. *Passim.*

The defendant would not have purchased the machine had he not supposed he could off set his demand against Bush, and to deprive him of the right would be in contravention of the rule, and be a fraud upon him. (*Hogan* agt. *Shorb, ante.*)

V. The plaintiff seeks by his action to found derivative rights upon the acts of his agent, and not to avail himself of his original rights in his own property paramount to these acts, and independent of them, and so he must take them with all the responsibilities, charges and incidents annexed to them. (*Qui sentit commodum sentire debet et onus. Story's Agency,* § 389.)

By the court, Bockes, Justice. It is urged that the defendant's set-off was not admissible, because not set up in the answer. Also that the note sought to be set off was not read in evidence. But neither of these objections were raised on the trial before the justice, where they could have been readily obviated if taken, and they are not therefore now subjects of consideration.

The question in this case is in regard to the claim of the defendant to set off the note of Bush against the plaintiff's demand in this action.

It is a well settled principle of law that if goods are sold by a factor or agent in his own name without disclosing his principal, the purchaser has a right to set off a debt due

from him, in an action by the principal for the price of the goods. (*Story on Agency*, §§ 390, 404, 419, 420, 444; *Rayborn* agt. *Williams*, 7 *T. R.* 356, *note a* ; *George* agt. *Clagett*, 7 *T. R.* 355; *Westwood* agt. *Bell*, 4 *Camp.* 348, 353 ; *Barring* agt. *Corrie*, 2 *Barn. & Ald.* 137 ; 3 *Hill*, 72, 2 *Kent*, 632 ; *Hogan* agt. *Shorb*, 24 *Wend.* 458 ; *Bliss* agt. *Bliss*, 7 *Bosworth*, 339.) This rule however is subject to the qualification, clearly stated by Judge WOODRUFF in *Bliss* agt. *Bliss*, that though the sale be made without disclosing the principal, yet if the purchaser knows or has reason to believe that the seller is not the owner, but is acting in the sale as an agent, the purchaser can not make the set-off. Judge BRONSON says, in *Hogan* agt. *Shorb*, that : "When the name of the principal is disclosed at the time of the sale, the vendee has no right to set up any equities between himself and the factor, to defeat the action of the owner; and the same consequence will, I think, follow if the vendee knew or had good reason to believe he was dealing with the agent of another, although the name of the principal was not disclosed." This qualification of the rule above stated, is marked in all or nearly all the cases above cited. And it was said in *Barring* agt. *Corrie*, by BAYLEY J. in effect, that when the purchaser had the means of knowledge, and the circumstances were such as should have put him on inquiry, he was negligent in not inquiring, and could not make such set-off against the true owner. (*Moore* agt. *Clementson*, 2 *Camp.* 22 ; *Maanss* agt. *Henderson*, 1 *East*, 335; *Fish* agt. *Kempton*, 7 *Man. Gran. & Scott*, 687 ; *Brown* agt. *Robinson*, *Caines' C.* 341 ; *Gordon* agt. *Church*, 2 *Caines'*, 299.) The question, therefore, to be here determined is this : Did the defendant, when he made the purchase of the sewing machine, know or have reason to believe that Bush was selling as agent and not as principal ; or were the circumstances such as to put him on inquiry in that regard ? If so, then, according to a long line of authorities, the defendant was not entitled to his set-off.

I am inclined to the opinion that there was evidence in the case sufficient to make it a question of fact whether the defendant had not reason to believe that Bush acted as agent; also, whether the circumstances were not such as should have put him on inquiry in that regard.

It seems that the defendant knew by report that Bush was doing business in the name of another; that is, that he was doing business, or assuming to do business, for another. The defendant also purchased the note for fifty cents on the dollar, raising an inference of Bush's irresponsibility. Bush had advertised his business as agent in the village papers, which, however, the defendant had not seen until after the purchase; and the bill of sale was made in Bush's name. On this evidence, was not the justice authorized to find, either that the defendant had good reason to believe that Bush was selling as agent, or that the circumstances attending the sale were such as to put the defendant on inquiry in that regard? The fact that the bill of sale was made in the name of Bush, is not conclusively in defendant's favor; but this must be considered in connection with the other evidence.

In *Barring* agt. *Corrie*, the bill of sale was in the name of Coles & Co., who were agents merely. In the case cited, ABBOTT, C. J., says: "They (the defendants) knew that Coles & Co. acted as brokers and merchants; and if they meant to deal with them as merchants, and derive a benefit from so dealing with them, they ought to have inquired whether, in this transaction, they acted as brokers or not; but they make no inquiry." And he adds: "They might have made inquiries in the circumstances of the case if they had not chosen to remain in ignorance." So in the case in hand, the defendant knew by report—that is, he had been informed—that Bush was doing business in the name of another. This was the same in substance as if he had seen the advertisement in the newspapers, for in such case he would have known that he was doing business for

another *by report*—by hearsay. In this the case is very like *Barring* agt. *Corrie*. In that case the defendant knew that Coles & Co. acted as brokers, and also as merchants. So in the case at bar, under the most favorable construction to be given it, the defendant knew—having been so informed—that Bush acted for another in some of his business transactions. ABBOTT, C. J. says in substance, that in cases when the party acts for another, as well as on his own account, the vendee should inquire, or remain in ignorance at his peril. The argument of BAYLEY, J., in *Barring* agt. *Corrie*, is to the same effect. In *Brown* agt. *Robinson*, (*Caines' Cases in Error*, 341,) the facts were these: The plaintiffs consigned the property to Cooke, to be sold by him as their factor. Cooke sold to the defendant without notice that he was plaintiff's agent, nor, as the case states, was there any evidence offered to show that they knew that he acted as agent for the plaintiffs, or any other person. But it was proved " that it was generally known that Cooke was factor to the plaintiffs, and that he then transacted business as well on his own account as upon commission." The court held that the defendants could not set off a debt (promissory note) due to them from Cooke. Judge BRONSON says in *Hogan* agt. *Shorb*, that a mere general knowledge that the person selling the goods is a factor, if he also carry on business on his own account, will not be sufficient to charge the vendee with notice, and cites *Moore* agt. *Clemension*, (2 *Camp.* 22). This observation does not seem in entire consonance with the case of *Barring* agt. *Corrie*, and *Brown* agt. *Robinson*. But Judge BRONSON recognizes the rule that if the vendee have *good reason to believe* that the vendor is acting as agent of some other person in that particular transaction, he will not be entitled to the benefit of set-off of a demand against the agent. In *Bliss* agt. *Bliss*, (7 *Bosworth*, 339,) the bill of sale was in the name of the agent, with the addition "foreign dry goods commission merchant." It was held that these words

conveyed notice of his agency to the vendees, or were suffi-
cient to put them on inquiry, and their set-off was not
allowed.

The introduction of these words into the bill of sale,
make, in my judgment, an important distinction between
that case and some others cited.   But there was in the case
under examination, no evidence that Bush carried on any
business on his own account, certainly no more than there
was in *Barring* agt. *Corrie*.   It seems therefore, that accord-
ing to the decisions, a mere general notice to the vendee
that the vendor is acting as agent, is sufficient to deprive
him of his set-off of a debt due him from the agent in an
action by the principal.

In my judgment there was sufficient evidence in the case
to support the finding of the justice; if so, his judgment
should have been affirmed by the county court.

I must advise the reversal of the judgment of the county
court, and the affirmance of the judgment of the justice.

I have arrived at this conclusion after considerable hesi-
tation and study, inasmuch as it was against the judgment
of a court whose opinion is entitled to the highest consid-
eration.