## OWEN S. EVANS *vs.* OWEN WILLIAMS.

Want of consideration could always be shown, under the general issue. Anything which tended to show that a party to an instrument never had a cause of action against the other party to it, was always competent under a general denial of the cause of action alleged, and is so still.

But this rule does not apply to the holder of negotiable paper, who takes it in good faith before it becomes due, in the usual course of trade.

Where, in an action upon a promissory note, the case does not show that the note was negotiable, its negotiability will not be presumed.

If a note is not negotiable, the assignee takes it subject to all defences of the maker against the payee; whether it be due at the time of the assignment or not; the same as the holder of a negotiable instrument does, who takes it after it has become due.

A general denial, now, like the general issue under the former practice, puts

Evans *v.* Williams.

in issue the existence, at any time, of the cause of action alleged in the complaint, and admits of evidence tending to establish such defense.

If a cause of action has once accrued or existed, and has been satisfied, or defeated, by reason of something which has accrued subsequently, that is new matter, which must be pleaded, in order to render it competent as evidence.

Where, in an action upon a promissory note, tried in a justice's court, the defendant, under an answer of denial and payment, offered to prove that the debt on which the note was founded had been paid to the creditor, before the making of the note in suit; *Held* that under the rule for the liberal interpretation of pleadings in justices' courts, the answer was sufficient to authorize the admission of the evidence offered, even if an answer setting up new matter were necessary.

APPEAL by the defendant from a judgment of the county court of Lewis county, affirming the judgment of a justice of the peace. The judgment rendered by the justice was in favor of the plaintiff, for $41.89, damages and costs.

The material facts are stated in the opinion of the court.

*Abram I. Mereness,* for the appellant.

*John M. Muscott,* for the respondent.

*By the Court,* JOHNSON, J. The action was upon a promissory note dated December 22, 1862, given by the defendant to W. S. Evans, a brother of the plaintiff. The defense was a general denial, and payment. The plaintiff proved that the note in question was given by the defendant, in exchange for a note held by W. S. Evans, against Elias Williams, the defendant's father, and for the balance due on that note; and that he purchased the note in question of the payee, W. S. Evans, in September 1868.

The defendant offered to prove, by way of defense, that the note of Elias Williams, for which the note in question was given, had, before the making of the note in question, been fully paid and satisfied by the maker thereof to the payee, so that nothing was due thereon, when it was transferred to the defendant, as the consideration of

the note in question.   The plaintiff objected to this evidence, on the ground that it was incompetent and inadmissible under the pleadings, and it was excluded by the justice. This was erroneous. Want of consideration could always be shown under the general issue. Anything which tended to show that a party to an instrument never had a cause of action against the other party to it, was always competent under a general denial of the cause of action alleged, and is so still. This rule does not apply to the holder of negotiable paper who takes it in good faith before it becomes due, in the usual course of trade. But this was not a negotiable note. At least the case does not show it, and that quality will not be presumed. It will be observed that the plaintiff did not purchase it, according to his own showing, until nearly six years had expired after it was made. Whether it was then over due does not appear, as the time of payment is nowhere shown by the case. But that is of no importance, unless it was a negotiable instrument, as the assignee takes subject to all the defenses by the maker against the payee, whether due at the time of the assignment or not, the same as the holder of a negotiable instrument does, who takes it after it has become due. If the note, which formed the only consideration of the note in question, had been paid and satisfied at the time this note was given for it, this note is wholly without consideration, and no right of action ever accrued upon it, either to the payee or to any one standing in his situation. A general denial now, like the general issue under the former practice, puts in issue the existence, at any time, of the cause of action alleged in the complaint, and admits of evidence tending to establish such defense. If a cause of action has once accrued or existed, and has been satisfied, or defeated, by reason of something which has accrued subsequently, that is new matter, which must be pleaded, in order to render it competent as evidence. Here, however, the defendant had put in

the answer of payment, in general form.    What he offered to prove was that the debt on which the note was founded had been paid to the creditor and payee of the note in question.    Under the rule of liberal interpretation to pleadings in justices' courts, this answer would, I think, have been sufficient to authorize the admission of the evidence offered, even had an answer setting up new matter been necessary.

The judgment of the county court and of the justice must therefore be reversed.

