GEORGE B. BOOMER, RESPONDENT, *v.* LEWIS E. KOON, IMPLEADED, ETC., APPELLANT.

*Pleading — denial that defendant made note — its alteration may be shown under.*

Evidence showing that a note has been altered after execution, *held*, admissible under an answer denying that defendant made the note in the complaint mentioned.[*]

APPEAL by defendant, Koon, from an order directing a verdict for the plaintiff and denying a motion for a new trial. The action was brought upon a promissory note alleged to have been made by the defendant to the plaintiff, and was tried at the Onondaga Circuit. The defendant, in his answer, denied that he made the note in the complaint mentioned.

*Geo. N. Kennedy*, for the defendant.

*Chamberlain & Knapp*, for the plaintiff.

E. D. SMITH, J.:

The complaint alleges, in the usual form, the making and delivery of the promissory note upon which the action is brought, and describes it according to its terms.

[*] This case was decided at Rochester, at the April Term, 1875. The dissenting opinion of MULLIN, P. J., following that of SMITH, J., is also reported in 6 N. Y. S. C. (T. & C.), 645.

The answer denies that at the time in said complaint mentioned, or at any other time, the defendant made the note in the said complaint mentioned, and also denies that he delivered the note in said complaint mentioned as alleged in said complaint. At the trial, the plaintiff produced the note described in the said complaint, and proved the defendant's signature thereto.

The defendant then offered to prove that the said note had, after its execution and delivery, been altered by adding the words *with interest* thereto, which offer was overruled and the evidence excluded, upon the ground that it was not admissible under the general denial of the answer. An exception to this decision presents the only question for our decision.

It is true that under the Code there is strictly no general issue, but a general denial of each and every allegation of a complaint, or a specific denial of any particular allegation therein, necessarily puts every such allegation in issue. Every fact thus put in issue, must be proved by the party affirming such fact. The making, execution and delivery of the note described in the plaintiff's complaint, he was, under the denial in the answer, bound to prove. Proof of the defendant's signature to such note was, doubtless, *prima facie* evidence of such facts; but *prima facie* evidence is never conclusive. It may always be repelled by proof directed and adapted to show the actual facts. Under a general or special denial a defendant must be permitted to disprove the essential facts, relied on to establish the cause of action. The defendant denies in fact and effect, that he ever made the promissory note described in the complaint. The proof that the note produced on the trial had been altered in a material part, was clearly proof that it was not his note; that he did not make and deliver such note. It overcame and repelled the *prima facie* evidence afforded by proof of his signature, and destroyed the cause of action. Such proof was admissible at common law under a plea of *non est factum* in an action of debt or covenant. (1 Chitty Pleadings, 482, 483.)

There is no distinction in principle between the denial under a plea of *non est factum*, that the deed set up was the defendant's deed, and a denial in an answer under the Code, that a promissory note declared on is not his note, and was not, in the form and effect set up in the complaint, made and executed by him. This is asserted

in principle in *Schermerhorn* v. *Van Allen* (18 Barb., 29); *Andrews* v. *Bond* (16 id., 633); *Beaty* v. *Swarthout* (32 id., 293); Van Santvoord's Pleadings (3rd ed.), 565.

It was not new matter, such as is required to be set up in an answer in avoidance or discharge of an admitted cause of action, within the cases of *McKyring* v. *Bull* (16 N. Y., 297), and *Quin* v. *Lloyd* (41 id., 349).

It, doubtless, would be very proper, and, perhaps, the better practice where the defense in an action upon a promissory note or other written instrument is, that the same had been fraudulently altered after its execution, to set up such defense in the answer to avoid surprise at the trial. But the question raised on this appeal is, whether the defendant shall be precluded from such defense because he has omitted to set it up in his answer. We think the law is otherwise, and that the order denying a new trial should be reversed, and a new trial granted, with costs to abide the event.

Morgan, J., concurs.

Mullin, P. J. (dissenting):

This action was brought to recover the amount due on a promissory note, made by the defendant Koon, for $150, bearing date October 1, 1873, and payable at the Auburn Savings Bank on the 1st of January, 1874, to the order of Oscar F. Boomer.

The complaint alleged that the defendant Koon, made the note and delivered the same to the payee therein named, and that said payee, before said note became due, transferred the same to the plaintiff.

The defendant Koon, in his answer, denied that he made the note, and also that he delivered it to the payee. On the trial, the plaintiff called the maker and proved by him that he signed the paper handed to him, which was the note in question.

On cross-examination, the defendant's counsel inquired of the witness whether, when he signed the note the words " *with interest* " were in the note. The plaintiff's counsel objected to the question on the ground that the evidence was not admissible under the defendant's answer.

The court sustained the objection and the defendant's counsel excepted. The defendant's counsel then offered to show that when

the note was signed and delivered it did not contain the words "*with interest*," and that after execution and delivery it had been altered by adding the words "*with interest*," and that the alteration was made without the defendant's knowledge or consent.

The plaintiff's counsel objected to the evidence, that it was not admissible under the answer. The court sustained the objection, and the defendant's counsel excepted. The note was then offered and received in evidence, and the court ordered a verdict for the plaintiff for the amount of the note and interest.

The defendant's counsel moved for a new trial on the judge's minutes, and the same was denied. The defendant appeals.

The only question in the case is, whether evidence of the alteration of the note by adding the words "*with interest*" was admissible under the denial in the answer, that the defendant had executed or delivered the note, or whether it was new matter which, under the Code, must be set up by way of defense in the answer. This defense was admissible under the general issue before the Code (1 Chitty's Pl., 25, 311) in the action of assumpsit. It was also admissible under the plea of "*non est factum*," in the action of covenant. (Id., 519.)

It was held in the Exchequer, in *Cook* v. *Coxwell* (2 C., M. & W., 291), that in an action against the acceptor of a bill, it was admissible for the defendant to prove, under a plea denying the acceptance, that the bill had been altered after acceptance, without his consent. What the rules of pleading were in England when these cases were decided we are not informed, but I apprehend they are not the same as are prescribed by the Code. Van Santvoord, in the third edition of his work on Pleading (page 565), says: "An alteration of a bill need not be pleaded if defendant deny the existence of the bill referred to in the complaint;" and after citing the case in the Exchequer, adds, " it is safer to allege the alteration." The suggestion is a proper one.

It is true that if a bill or other contract is altered in a material part after execution and delivery, it is no longer the contract the party executed and delivered ; and in that view the denial of execution and delivery would impose upon the plaintiff the burden of proving the execution of the identical paper produced in evidence ; and any evidence that it is not the same paper might, with a con-

siderable degree of plausibility, be held admissible under the denial.

The Code requires the defendant, in his answer, to deny generally or specifically the allegations in the complaint, and to set up any new matter constituting a defense or counter-claim. The legislature intended to require the defendant, in his answer, if he designed to put the plaintiff to the proof of all or any of the allegations in the complaint, to deny the same generally or specifically, and under such denial to permit the defendant to give in evidence any matters tending to disprove the allegation in the complaint. But if the defendant has matter of defense arising after the contract was made, and which he relies upon in bar of the action, such defense is new matter, which must be set up in the answer.

The object of all pleading is to apprise the opposite party and the court of the matters that the pleader intends to rely upon to support or defeat the action; and if it falls short of this important object it is fatally defective; and a system of pleading that would enable a party to conceal from his adversary the facts that he designs to prove, would open the door to the grossest injustice and abuse. The case furnishes an apt illustration of the mischief of reinstating, to any extent, the general issue as it was understood at the common law.

The plaintiff was required only to prove that defendant had only signed his name to the note, and had delivered the paper thus signed, to some person, as a binding contract. Upon this evidence the plaintiff was, *prima facie*, entitled to a verdict. The defendant then proposed to show that, after the contract was thus executed, it had been altered in a material part. The note may have passed through a dozen hands, each of whom was ignorant of the alteration. Now, how could the plaintiff be assumed to be prepared to meet a defense as to which no intimation was given in the answer, and nothing appeared on the face of the note to which attention would be called or suspicion excited.

I think the court was right in rejecting the evidence. We should give effect to the intention of the legislature in forming the rules of pleading prescribed by the Code, rather than the decisions of courts acting under a widely different system of pleading; espe-

cially where the one system prevents surprises and injustice, and the other permits both.

The order denying a new trial must be affirmed.

New trial granted.