## J. J. HOGEN v. TOSTEN T. KLABO.

Opinion filed August 2, 1904.

### In Pleading a Counterclaim Averments of Complaint Are Admitted.

1. New matter constituting a defense or counterclaim must be set forth in the answer to admit evidence of it. The new matter of the Codes admits that all the material allegations of the complaint are true, and consists of facts not alleged therein which destroy the right of action and defeat a recovery.

### Witness — Cross-Examination.

2. The rule that a party who has not opened his own case will not be permitted to introduce it to the jury by cross-examination of the witnesses of the adverse party applies to such matters as the examining party has pleaded affirmatively as a defense or counterclaim, and does not apply when a defendant, on cross-examination of the plaintiff's witness, simply aims to disprove by the witness the case which the witness himself has made

### Pleading — General Denial.

3. The distinction between defenses admissible under a denial and those which are new matter depends primarily upon the structure of the complaint and the material averments of fact therein. All facts which directly tend to disprove any one or more of these averments, or to show that plaintiff never had a cause of action, may be offered under the general denial.

### Objection Must Be Made to Question When Asked — Motion to Strike Out Answer.

4. A party cannot sit by and permit an incompetent or improper question to be asked without objection, and, when he finds the answer is against him, move to strike out the answer.

### Cross-Examination.

5. A cross-examination is proper though it calls for facts not testified to on direct examination, but relating to the same subject-matter and bearing upon the main fact toward which the examination in chief was directed—facts which give to the direct testimony the effect of false testimony.

Appeal from District Court, Steele county; *Pollock*, J.

Action by J. J. Hogen against Tosten T. Klabo. Judgment for defendant, and plaintiff appeals.

Affirmed.

*Asa J. Styles* and *Theodore Koffel,* for appellant.

Indebtedness of stranger not material. 7 Am. & Eng. Enc. Law (2d Ed.) 78.

Self-serving statements are inadmissable. Boston & A. R. Co. v. O'Reilly, 158 U. S. 334, 15 Sup. Ct. Rep. 830; Smith v. Tosini et ux. 48 N. W. 299; Reagan et al. v. McKibben, 76 N. W. 943; Cain v. Cain, 21 Atl. 309; Smith v. Eyre, 28 Atl. 1005; Pinney v. Jones, 30 Atl. 762; Osmun v. Winters, 35 Pac. 250; 9 Am. & Eng. Enc. Law, (2d Ed.) 5.

The case is not within the rule that courts will not review conflicting evidence. There is no conflicting or inconsistent evidence, and the rule in Flath v. Casselman, 10 N. D. 419, 87 N. W. 988, does not apply. There is no substantial conflict, and the correctness of the verdict is a question of law. Mitchell v. Reed, 26 Pac. 342.

*F. W. Ames* and *George Murray*, for respondent.

Respondent could only meet appellant's proof—by himself and Nelson—that Hogen was owner of the machine, by circumstantial evidence. If circumstantial evidence forms a link in the chain of proof, or tends reasonably to establish the fact in controversy by strengthening the probabilities on one side or weakening those on the other, it should be received. Gandy v. Bissell's Estate, 90 N. W. 883, Black v. Walker, 7 N. D. 414, 75 N. W. 787.

The court will not weigh conflicting evidence, nor modify an order allowing or denying a new trial where there is a substantial conflict in the evidence. Flath v. Casselman, 10 N. D. 419, 87 N. W. 988; 14 Enc. Pl. & Pr. 769; Lighthouse v. Chicago, M. & St. P. Ry. Co., 54 N. W. 320.

The admission of incompetent evidence upon a conceded fact in the case, if error, is without prejudice. Gale et al. v. Shillock et al., 29 N. W. 661; Ostrand v. Porter, 25 N. W. 731; Stewart v. Gregory, Carter & Co., 9 N. D. 504, 84 N. W. 553. The admission of improper evidence, where the testimony has been received elsewhere without objection, is harmless. Ashley v. Sioux City, 93 N. W. 303.

Objections not sufficiently stating the grounds thereof cannot place the court in error. Kolka v. Jones, 6 N. D. 461, 71 N. W. 558.

Where an objection is overruled, and the question is asked in cross-examination by the same party, any error in overruling the objection is cured. Ashley v. Sioux City, supra; Little Dorrit Gold Mining Co. v. Arapahoe Gold Min. Co., 71 Pac. 389.

COCHRANE J. Plaintiff sued to recover a balance which he claimed to be due him for threshing defendant's crops in 1901. In his complaint plaintiff alleged that he made a contract with and was employed by defendant to thresh defendant's crops for 1901; that he threshed the crops pursuant to the contract; and that there was a balance due him and unpaid upon said contract of $365.37, for which he asks judgment. The answer is a general denial. A verdict was returned for defendant. A motion for new trial was denied, and this appeal is from the order denying a new trial.

There is some conflict in the evidence, but the following facts are established without contradiction: In July, 1901, A. L. Nelson represented to defendant that he had purchased a threshing rig for use during the fall. Defendant had a large crop, and he was desirous of securing the job of threshing it because of the economies of operation upon defendant's farm and for the prestige it would give him in securing contracts from neighboring farmers. Nelson was insolvent, and without credit. He owed defendant for the amount of a note upon which defendant had become his surety and subsequently paid, and defendant was at that time surety for him upon another note then past due. After some negotiation, a contract was made by which Nelson agreed to thresh defendant's grain with his machine at a stipulated price per bushel, the gross amount to be discounted $100, and defendant claimed (but this is denied by Nelson) that the amount Nelson owed him and the amount of the note upon which he was surety, and which he was to pay, should also be paid by this threshing deal. Subsequently, and in the months of September and October, Nelson came upon defendant's farm with a threshing rig, which he claimed to own, and threshed defendant's crops. On or about the 8th of November, and after the threshing was completed, Nelson requested defendant to pay what was coming under the contract to the plaintiff, Hogen. Defendant paid $220.40, claiming this to be the balance due for the threshing after deducting the $100 discount, a freight bill upon the rig, advanced by defendant, and the notes he had taken up for Nelson. Hogen then for the first time asserted that the threshing machine belonged to him, and not to Nelson; that Nelson was his hired man or agent, and all that Nelson had done in making the contract and performing it was for plaintiff's benefit; and he demanded payment of the full amount the threshing came to without any deductions excepting the freight bill upon the separator.

Defendant had dealt with Nelson at all times as the principal. If we treat plaintiff as an undisclosed principal seeking to recover upon a contract made by the agent for his benefit, he has no other or further rights in this litigation than Nelson would have had had the action been brought in his name. "It would be wrong and fraudulent for the principal to keep himself concealed, permit his agent to make and perform a contract in his own name, and then, by disclosing himself, reap all the advantages and profits of the contract to the disadvantage of the other who had traded with the agent as the only person interested in the transaction." Paley on Agency, 326; Mechem on Agency, section 773; Violett v. Powell, 52 Am. Dec. 550; Taintor v. Pendergast, 3 Hill, 72; Ruiz v. Norton, 4 Cal. 355, 60 Am. Dec. 618; Ilsley v. Merriam, 7 Cush. 242, 54 Am. Dec. 721; Judson v. Stillwell, 26 How. Prac. 513. This is, in effect, the declaration of our statute. Section 4338, Rev. Codes 1899. Defendant is entitled to the full benefits of every stipulation in the contract upon which plaintiff bases his right of recovery. The denials of the answer put in issue the averment that he had a contract with defendant for threshing, or that he threshed for defendant, or that defendant was indebted to him for the balance claimed, or in any sum or amount. The burden was cast upon plaintiff to prove the contract under which the threshing was done, and that at the time the contract was made and at the time it was performed Nelson, who conducted the business and performed the work, was in fact his agent, and acted as such in the transaction. Defendant tried the case upon the theory that plaintiff's' claims were entirely false, and that Nelson was the real party in interest.

Several assignments of error are predicated upon rulings of the court admitting evidence upon the cross-examination of plaintiff's witness, Nelson, identifying notes which defendant had signed and subsequently paid for him, and questions as to whether, under his contract with defendant, these notes were to be paid in threshing. Nelson was the witness upon whose testimony plaintiff relied to prove the contract upon which his right of recovery, if any, was based. Defendant was entitled to have all the terms of the contract proven, and to call the attention of the witness, by cross-examination, to any terms of it he had inadvertently or designedly omitted in his examination in chief. 3 Enc. Ev. 835, and notes; 8 Enc. Pl. & Pr. 105, and note; Duttera v. Babylon (Md.) 35 Atl. 64; Wilson v. Wagar, 26 Mich. 452. Defendant claimed that it was a stipulation

of this contract with Nelson that he was to pay his indebtedness to defendant by threshing. The verdict of the jury establishes the verity of defendant's claim that this was a part of the contract. It was proper for the defendant, in cross-examination, to have this witness identify the notes which defendant had signed for him, and to enquire whether the contract embraced the payment of defendant for what he had and would be required to expend in retiring them, and to show that in arriving at the balance claimed to be due for the threshing no deduction had been made for these notes. This cross-examination was competent as tending to show that the balance sued for was fictitious, and without legal basis. It was not objectionable as tending to establish new matter, which, under the rules of pleading, should be affirmatively pleaded. Brooke v. Quynn, 13 Md. 379-391; Granger v. Raybarild, 38 Eng. Ch. 94. Where a defendant sets up a defense not necessarily involved in the denial of plaintiff's case, but consisting of new matter, then the defendant must wait until after his opening before he offers proof of this new matter; but when all the defendant, on cross-examination, wishes to disprove by the plaintiff's witness, is the very case the witness has made, then the rule is different, and the cross-examination is proper. Wendt v. Railway Co., 4 S. D. 476, 57 N. W. 226; Jackson v. Water Co., 14 Cal. 19.

Several rulings of the court are assigned for error in permitting defendant to testify concerning the terms of the contract, under which his threshing was done and identifying the Nelson notes, which were paid in threshing under this contract. Appellant insists that this was new matter, constituting a defense or counterclaim, and that evidence of it could not be received under a general denial. This evidence was directly contradictory of the material averments of the complaint, and was consequently competent. The fact that it would tend to prove a counterclaim, had one been pleaded, does not effect its competency for the purpose indicated. We do not think, however, that this evidence was of "new matter constituting a defense or counterclaim," within the meaning of subdivision 2, section 5273, Rev. Codes 1899. New matter means matter extrinsic to the matters set up in the complaint as a basis of the cause of action; a defense which concedes that a cause of action once existed, but has been determined by some subsequent transaction. Manning v. Winter, 7 Hun. 482; 1 Enc. Pl. & Pr. 830; Greenway v. Jones, 34 Mo. 328; Piercy v. Sabin, 10 Cal. 22, 70 Am. Dec. 692; Churchill

v. Baumann (Cal.) 30 Pac. 770. The new matter of the Codes "admits that all the material allegations of the complaint are true and consist of facts not alleged therein which destroy the right of action and defeat a recovery. * * * The distinction between defenses admissible under a denial and those which are new matter depends primarily upon the structure of the complaint and the material averments of fact which it contains. All facts which directly tend to disprove any one or more of these averments may be offered under the general denial. All facts which do not thus directly tend to disprove some one or more of these averments, but tend to establish a defense independently of them, cannot be offered under the denial. They are new matter, and must be specially pleaded." Pomeroy's Rem. & R. Rights, section 673. See, also, Gilbert v. Cram, 12 How. Prac. 455; Mauldin v. Ball (Mont.) 1 Pac. 409; Stoddard v. Conference, 12 Barb. 573; Evans v. Williams, 60 Barb. 346. Tested by this rule, the evidence was not of new matter. It does not concede the material allegations of the complaint to be true, but tends to show an entirely different contract from that declared upon, made with another and different party from that alleged, and it refutes the allegation as to the amount of unpaid balance, if any there was. These facts are inconsistent with and contradictory of the material allegations of the complaint. The effect of such proof was to show that plaintiff never had a cause of action, and this can always be shown under a general denial. Hoffman v. Parry, 23 Mo. App. 21; Evans v. Williams, 60 Barb. 346; Churchill v. Bauman (Cal.) 30 Pac. 770; Northrup v. Ins. Co., 47 Mo. 435, 4 Am. Rep. 337; Greenway v. James, 34 Mo. 328; Meredith v. Mining Co., 56 Cal. 178; Bridges v. Paige, 13 Cal. 641; Greenfield v. Ins. Co., 47 N. Y. 437; Weaver v. Barden, 49 N. Y. 286; Griffin v. Railway Co., 101 N. Y. 348, 354, 4 N. E. 740; Pomeroy's Rem. sections 670, 671. The rule is well illustrated in Schermerhorn v. Van Allen, 18 Barb. 29, where an attorney sued to recover for professional services. The complaint stated the retainer, the services, and their value. The answer was a general denial. Plaintiff proved the services, and gave evidence showing their reasonable value. The Court said: "It was surely competent for the defendant, under a general denial of such indebtedness, to prove that he never incurred nor owed the debt. He had a right to prove that the services were rendered as a gratuity, either as to the whole or in part; that the plaintiff had himself fixed a less price

for their value than he claimed to recover. The services being proved, the defendant might show that they were rendered not for him, but on the credit of some other person, or that the plaintiff undertook to limit the risk of the litigation. It was not an attempt to show an extinguishment of the alleged indebtedness by payment, release, or otherwise, but it was an offer to show that such indebtedness never existed. The defendant was at liberty to prove any circumstances tending to show that he was never indebted at all, or that he owed less than was claimed." In Hawkins v. Borland, 14 Cal. 413, plaintiff alleged that defendant was indebted to him for cattle sold and delivered. Answer, a general denial. The property was sold by Jesse Hawkins, another than plaintiff, and the question was involved on the trial whether these cattle were the property of Jesse or of the plaintiff. He asked a witness to state the terms of the contract with Jesse Hawkins. This was objected to on the ground that the answer did not set up this new matter. The court said: "The plaintiff was bound to make out his contract substantially as he stated it. The defendant denied the contract as plaintiff stated it. It was not new matter to prove his denial in this way. It was only proving the issue on his part." In Manning v. Winters, 7 Hun. 482, it is said: "Where a plaintiff shows a part of a transaction or contract, or gives evidence sufficient in respect to it to authorize a verdict or to imply a contract, the defendant must be entitled to prove the whole transaction under his general denial, and to show that the plaintiff has no cause of action. Evidence simply directed to repel a presumption or to show an express contract to displace an implied one set up and proved is not evidence to prove new matter." The evidence was properly received.

Appellant complains that he was required to testify in cross-examination that Nelson was insolvent, and his credit was not good for $75. It appeared in the case that Nelson, about two weeks after contracting to do defendant's threshing, attempted to borrow from him $75 to pay freight upon the machine he claimed to have purchased through plaintiff, the amount to be repaid in threshing. Defendant was assured by plaintiff that Nelson could not get the machine unless the freight was paid. Defendant indorsed a note for Nelson in the Bank of Hatton for the amount of this freight money, and notified plaintiff he could get the money when Nelson's machine arrived. Plaintiff got the money, and defendant subsequently paid this note. Plaintiff testified upon direct examination

that Nelson never bought the machine, but that Nelson in all these transactions was acting for him; that he hired Nelson, for $1.50, to borrow this money from Klabo, and to relend it to him. In the light of these disclosures it was fair to show the insolvency of Nelson; that he was wholly without credit; and that plaintiff knew it, and would not himself trust him for this amount. Such matters went to the credibility of plaintiff and his claims. To hire a worthless person, without credit, to borrow money, when to do so would necessitate the making of false representations to the lender, displayed a moral delinquency on the part of plaintiff and his witness Nelson in the transaction which the jury were entitled to know in measuring the truth of plaintiff's claim that he was the owner of the machine and that Nelson was the agent. Nelson's insolvency suggested the extreme improbability of plaintiff's story, and that it was made up to counteract the proofs in the case that Nelson had paid the freight upon this machine. The object of cross-examination is to break or weaken the force of the testimony given by the witness on his direct examination. To this end it is always proper to show the relations of the witness to the case and the parties; the interest he may have, if any, in the result; his motives for testifying in any particular manner; and likewise, to show his relation to the facts. State v. Kent, 5 N. D. 541, 67 N. W. 1052, 35 L. R. A. 518. Within the subject-matter of the direct examination free range is permitted in cross-examination of an adverse party. It should not be limited to the exact facts stated in the direct examination, but may extend to the other matters which tend to limit, explain, or qualify them, or to rebut or modify any inference resulting therefrom, provided they are directly connected with the matter stated in the direct examination. A cross-examination is proper though it calls for particuler facts not called for on the direct examination, if they relate to the same subject-matter and bear upon the same main fact to which the whole examination in chief was directed; facts, the omission to state which gave to the direct testimony the injurious effect of false testimony. Campau v. Dewey, 9 Mich. 381; Ah Doon v. Smith (Or.) 34 Pac. 1093; Sayres v. Allen (Or.) 35 Pac. 254; 3 Enc. of Ev. 832. The inquiries were proper, and within the rule stated.

Other assignments relate to objections to evidence where the grounds of objection were not sufficiently stated, or to motions to strike out evidence where the grounds of objection were apparent

when the evidence was received and the objections were not seasonably made. Kolka v. Jones, 6 N. D. 461, 480, 71 N. W. 558, 66 Am. St. Rep. 615; Wendt v. Railway Co., 4 S. D. 484, 57 N, W. 226; Way v. Johnson, 5 S. D. 237, 58 N. W. 552; 1 Rice on Evidence, 517; Quin v. Lloyd, 41 N. Y. 349; in re Morgan, 104 N. Y. 74, 9 N. E. 861; People v. Chacon, 102 N. Y. 669, 6 N. E. 303; Hickman v. Green (Mo. Sup.), 22 S. W. 455, 27 S. W. 440, 29 L. R. A. 43.

The verdict returned is in accord with and justified by the evidence. The order denying a new trial is affirmed. All concur.