### SWEET v. HENDERSON et al.

No. 8689—Opinion Filed Feb. 4, 1919.

(178 Pac. 666.)

(Syllabus.)

1. **Damages—Personal Injury—Medical Expenses—Variance—Evidence.**

In an action for personal injuries, one of the items of plaintiff's damages is the amount he has obligated himself to pay for medical attention, in an effort to effect his cure, and when he pleads that said items have been paid, and offers to prove that the items have been incurred, the same is not such a variance as would be prejudicial to the rights of the defendant, and it is error for the court to exclude such evidence.

2. **Telegraphs and Telephones—Injury from Wire—Burden of Proof — Negligence — Notice.**

When a plaintiff has proved that he sustained injuries through the dangerous situation of a telephone wire hanging across a public highway, the burden passes to the defendant to show that the dangerous situation of the wire was not due to the act of the defendant, and has not existed for such length of time as to charge the defendant with notice of its defective condition.

3. **Same—Instruction.**

In the trial of an action for personal injuries alleged to have been received by a person while driving on the public highway in a covered wagon, where the telephone wires across said highway became sagged and caught the covering of the plaintiff's wagon, and threw plaintiff to the ground and injured the plaintiff, it is error for the court to refuse to instruct the jury that "persons traveling upon a public highway have a right to assume that persons using said highway, by maintaining and stringing telephone wires across the highways, have performed their duties, and that the highway is in a reasonably safe condition for public travel."

4. **Trial—Instruction—Invasion of Province of Jury.**

The defense of contributory negligence is at all times a question of fact for the jury, under section 6, article 23, Williams' Annotated Constitution, and it is error for the court to instruct the jury that a certain state of facts or circumstances do constitute contributory negligence.

Error from District Court, Payne County; A. H. Huston, Judge.

Action by L. B. Sweet against F. A. Henderson and 27 others. Judgment for defendants, motion for new trial overruled, and plaintiff brings error. Judgment overruling motion for new trial reversed, and cause remanded, with instructions to grant new trial.

Higgins & Berton, for plaintiff in error.

Burdick & Wilcox, for defendants in error.

McNEILL, J. This was an action brought to recover damages for personal injuries sustained by the alleged negligence of certain defendants in maintaining a telephone wire across the public highway.

The petition alleges that the plaintiff was driving on the public highway in a covered wagon, and the defendants were maintaining their telephone wire across the public highway so low that it caught the top or cover on the wagon, thereby jerking the top and box of the wagon from the gears; the plaintiff being thrown to the ground and injured. To this petition the defendants filed their answer, which was a general denial, and contains the plea of contributory negligence. The cause was submitted to a jury and a verdict returned for the defendants. To reverse this judgment the plaintiff brings this appeal, alleging numerous assignments of error.

The seventh assignment of error alleges that the court erred in refusing to give instructions Nos. 1, 2, and 3, requested by the plaintiff in error. As to instruction No. 1, plaintiff in error complains for the reason that the court refused to give an instruction as to one item of damages, to wit, an item

for doctor bills, which he obligated himself to pay in an attempt to cure his injuries. The plaintiff offered to prove that he had incurred a liability for doctor bill in the sum of $30, which had not been paid. The court sustained an objection to this evidence. While plaintiff does not plead or claim any damages by reason of the obligation incurred, but does plead and claim damages for medicines and medical services paid for, in the sum of $30, this is not such a variance as would be prejudicial to the defendants, and the refusal to permit said testimony, or the refusal to give such an instruction was error. This court has held in the case of Revel v. Pruitt, 42 Okla. 696, 142 Pac. 1019:

"In a suit for damages on account of personal injuries, it requires an allegation that obligations have been incurred for medical attention, hospital fees, etc., to justfy proof of, or a recovery for, such items, as they are in the nature of special damages."

In refusing this evidence and instruction, the court committed error; but this would not be sufficient to reverse the case, for the reason that the jury found against the plaintiff as to the liability of the defendant.

2. The plaintiff in error complains of the court's ruling in refusing to give instruction No. 2, which is as follows:

"You are further instructed that it was the duty of the defendants to erect the telephone wire in question at such height from the ground as to permit the free and uninterrupted passage of vehicles under the same, and to so maintain said wire as not to cause injury to persons using said highway in the ordinary mode of travel. And in this case, if you should find from a preponderance of the evidence that the overjet in which plaintiff was riding at the time of the accident, caught on the telephone wire or wires of the defendants' telephone line by reason of not being a sufficient height from the ground to permit plaintiff's vehicle to pass thereunder, and the plaintiff was by reason thereof thrown from said vehicle and injured, then and in that event the happening of an accident in such maner would of itself speak negligence upon the part of the owners of said telephone line, sufficient to entitle the plaintiff to recover, and the burden would be upon the defendants to establish by the evidence their own freedom from negligence, or that such negligence was not the cause of plaintiff's injury; and unless such presumption of negligence is overcome by evidence to the satisfaction of the jury, then your verdict should be for the plaintiff."

A portion of this instruction is the correct law, but as to the latter portion of the same, we do not feel that it correctly states the law. The correct principle, we think, is adopted by the Supreme Court of the state of Kansas in the case Walmsley v. Rural Telephone Ass'n of Delphos, 102 Kan. 139, 169 Pac. 197, where the court laid down the following rule:

"When a plaintiff has proved that he sustained injuries through the dangerous situation of a telephone wire hanging across a public highway, the burden passes to the defendant to show that the dangerous situation of the wire was not due to the act of the defendant, and had not existed for such length of time as to charge the defendant telephone company with notice of its defective condition."

The instruction as drawn omitted the fact that the burden passes to the defendants to show that "the dangerous situation of the wire was not due to the act of the defendant, and had not existed for such length of time as to charge the defendants with notice of its defective condition," and the refusal to give said instruction in such form was not reversible error.

3. The plaintiff complains that the court erred in refusing to give instruction No. 3, requested by the plaintiff, which is as follows, to wit:

"The court instructs the jury that the public highways are for the benefit of all persons, and all persons have a right, in using them, to assume that they are in an ordinarily safe condition, and to regulate their travel on the same upon that assumption, and that all persons have the right to assume in traveling upon such highways that persons using said highways, by stringing and maintaining telephone wires thereon, have performed their duties, and that the highway is in a reasonably safe condition for public travel."

In a case where contributory negligence is one of the defenses, and plaintiff alleges he was driving on the public highway, and the negligence alleged was the maintaining of telephone wires across said highways, so low that it came into contact with the plaintiff's wagon or vehicle, the plaintiff is entitled to have the court instruct the jury as to the law regarding public highways, and the degree of care that is necessary for such a person to exercise while driving on said highway, along where telephone wires are, or might be, stretched.

The Supreme Court of the state of Nebraska, in the case of Weaver v. Dawson County Mutual Telephone Co., 82 Neb. 696,

118 N. W. 650, 22 L. R. A. (N. S.) 1189, laid down the following rule:

"A person traveling along a road that is crossed by a telephone line is not bound to anticipate danger at such crossings, and is not required to examine or look to see if there is danger before passing under such wire."

This rule is similar to the rule adopted in the following cases: Owensboro v. Knox, 116 Ky. 451, 76 S. W. 191; Suburban Electric Co. v. Nugent, 58 N. J. Law, 658, 34 Atl. 1069, 32 L. R. A. 700. In Jacks v. Reeves, 78 Ark. 426, 95 S. W. 781, the court used the following language:

"It is not expected or required of a traveler driving * * * along the middle of a much-traveled highway to look up to see if perchance a stray wire is in reach of the top of the vehicle."

This instruction correctly states the law of this phase of the case, that should have gone to the jury, and the court was in error in refusing to give such instruction or one instead that advised the jury as to this particular law of the case, and the failure to give such instruction, when requested by the plaintiff and submitted to the court, or one embracing this theory of the law, is reversible error.

The eighth assignment of error involves the giving of instructions by the court, including instruction No. 7, whch is as follows:

"Seventh. The court further instructs you gentlemen, that if the plaintiff by the exercise of reasonable care could have seen the wire at the place where the injury is said to have taken place, was low, or was dangerous to travel, or knew of the same, or with the exercise of reasonable care could have known so, and as a result was injured by the wire, then the plaintiff cannot recover, for the reason that he would be guilty of contributory negligence."

This instruction is in direct conflict with section 6 article 23 of Williams' Annotated Constitution. The defense of contributory negligence is always a question of fact for the jury, and this province of the jury should not be invaded by the court. This court has so held in the case of Wichita Falls & Northwestern Railway Co. v. Woodman, 64 Okla. 326, 168 Pac. 209. The court speaking through Justice Hardy, said:

"This defense under the Constitution is a question of fact for the jury, and the court should not invade the province of the jury by instructing them that a certain fact or circumstance, or a given set of facts or circumstances, do or do not constitute contributory negligence. The court should simply define the meaning of the term 'contributory negligence' as used in section 6, art. 23, Williams' Constitution, and leave it to the jury to say whether the plaintiff's negligence had or had not contributed to the injuries complained of. C., R. I. & P. R. R. Co. v. Duran, 38 Okla. 719, 134 Pac. 876; Osage Coal & Mining Co. v. Sperra, 42 Okla. 726, 142 Pac. 1040; St. L. & S. F. R. Co. v. Long, 41 Okla. 177, 137 Pac. 1166, Ann. Cas. 1915C, 432; St. L. & S. F. R. R. Co. v. Hart, 45 Okla. 659, 146 Pac. 436."

The giving of this instruction was invading the province of the jury and was error. Taking into consideration the refusal of the court to give instruction No. 3, tendered by the plaintiff, and the giving of instruction No. 7, wherein the court invaded the province of the jury by instructing them that a certain set of facts constituted contributory negligence, the plaintiff was deprived of having his cause properly submitted to the jury.

There are other errors complained of, but of minor importance, and the same will not be considered at this time.

It therefore follows that the judgment of the trial court in overruling the motion of plaintiff in error for new trial is reversed, and the cause remanded, with instruction to grant the plaintiff in error a new trial.

All the Justices concur.