JOHN E. HURLEY, Respondent, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, a corporation, Appellant.

(189 N. W. 322)

**Damages — $1,500 verdict for injuries to neck and shoulders held not excessive.**

    1. Plaintiff was a passenger, with a drover's pass, upon a certain freight train. Part of the train, for causes shown in the evidence, left the track; plaintiff was riding in the caboose which did not leave the track. He received certain injuries in the manner and of the nature shown by the evidence. The jury returned a verdict in his favor for damages

in the sum of $1,500.; a judgment was entered on the verdict; it is *held* that the evidence is sufficient to sustain the verdict.

**Carriers — in action for injuries to passenger on a derailment, question of carrier's negligence held for jury; proximate cause of injury to a passenger on derailment held for the jury.**

2. The sufficiency of the evidence is such, that the questions of negligence and the proximate cause of plaintiff's injuries were questions of fact for the jury.

**Appeal and error — statement of plaintiff's counsel in argument to jury held not ground for reversal.**

3. For reasons stated in the opinion, it is held that error is not available to defendant, on account of certain alleged prejudicial remarks of plaintiff's counsel to the jury.

Opinion filed June 27, 1922—Rehearing denied July 8, 1922

An appeal from a judgment and an order denying a motion for a new trial of the District court of Grant county, North Dakota, *Lembke,* J.

Judgment and order affirmed.

*Ed. L. Grantham, A. T. Nelson,* for appellant.

The only portion of the plaintiff's testimony upon which the verdict could stand is not only made incredible by all the evidence in the case, but it is intrinsically improbable. In such cases the trial court, which is vested with a very broad discretion, far more so than this court, should promptly set aside the verdict. Badger v. Janesville Cotton Mills, 95 Wis. 599; Vorbrecht v. Gueder & P. Mfg. Co., 96 Wis. 277; Maitland v. Gilbert P. C. Wis. 491; Peat v. C. M. & St. P. Ry. Co., 128 Wis. 86, 107 N. W. 355.

"A sworn statement which is obviously false in the light of reason and common sense and facts within common knowledge, is not to be received in court as true because some witness wilfully or ignorantly or recklessly so testifies." Beyer v. St. P. F. & M. Ins. Co. 112 Wis. 138, 88 N. W. 57.

"Testimony may be so in conflict with conceded and established physical facts as to be incredible for the reason that its truth is morally impossible or so improbable in the course of nature as to approximate im-

possibility." When, however, any fact essential to a verdict is supported only by evidence thus rendered incredible, the setting aside of such verdict is no longer discretionary with the trial court but a duty failure of which is error reversible on appeal. Flaherty v. Harrison, 98 Wis. 559-562, 74 N. W. 360; Cawley v. La Crosse C. R. Co. 101 Wis. 145, 77 N. W. 179; O'Brien v. C. St. P. M. & So. Ry. Co. 102 Wis. 628, 78 N. W. 1084; Musbach v. Wis. Co. Co., 108 Wis. 57, 84 N. W. 36. Bourda v. Jones, 110 Wis. 52, 85 N. W. 671; Ellis v. C. M. & St. P. Ry. Co. 120 Wis. 645, 98 N. W. 942.

*Jacobsen & Murray,* for respondent.

Appellant has failed to serve or file any specifications of error, or specifications of insufficiency of the evidence, with his notice of appeal. He has also failed to serve or file in connection with the motion for new trial, any specifications of the insufficiency of the evidence. Consequently, this court is precluded from reviewing any error, except such error as may appear on the face of the judgment roll. Patrick v. Nurnberg, 21 N. D. 377; § 4, chap. 131, laws of N. D. 1913; Massett v. Chaffner, 31 N. D. 579.

The law regulating the degree of care of the company to those riding on a drover's pass is well settled by the Supreme Court of this state. and the Supreme Court of the United States. McGregor v. G. N. Ry. Co., 31 N. D. 471; McAllister v. Chesapeake & Ohio Ry. Co., 244 U. S. 276, 37 Sup. Ct. Rep. 499.

"So far as this court knows, the conclusion of defendant's counsel as to what the plaintiff's counsel said, may have been entirely erroneous. The party predicating error on improper argument must present a record showing: 1st, the objectionable language used, 2nd, the objection made, 3rd, the courts ruling on the objection." Johnson v. Union Pac. Ry. Co. 100 Pac. 390; Erickson v. Wiper, 33 N. D. 193.

"Misconduct of counsel for the prevailing party in addressing the jury must be shown to the court by affidavit on the hearing of a motion for a new trial." Atchison v. T. & S. F. Ry. Co. (Kans.) 39 Pac. 1010.

"To obtain a new trial for misconduct of the prevailing party, the motion must be sustained by affidavits showing the alleged charge to be true; and where it is not so supported and the motion is denied, the

misconduct is not available as a ground of reversal." Gay v. Torrance (Cal.) 78 Pac. 540; Wadman v. Trout Lake Lumber Co. (Minn.) 153 N. W. 269; Ewert v. Cooper, (Okla.) 166 Pac. 138; Larkin v. City of Butte, et al., (Mont.) 158 Pac. 316.

"So long as the jury system is in vogue courts must assume that jurors possess sufficient intelligence and force of character to discharge their duty, when properly directed. Appellants failed to ask the trial court to admonish the jury and for that reason the order denying their motion for a new trial should be discharged." Scott v. Times Mirror Co., (Cal.) 184 Pac. 672, ¶ 11 of opinion; Dimon v. New York Cent. Ry. Co. 66 N. E. 628.

The granting of a new trial on the ground of misconduct of counsel is within the discretion of the trial court. Kahm v. Telephone Co. (Ore.) 152 Pac. 240; Battischill v. Humphreys et al. (Mich.) 38 N. W. 581; Riley v. Chi. Mil. Ry. Co. (Minn.) opinion by Judge Mitchell, 74 N. W. 171.

GRACE, J.   This is an appeal from a judgment in the plaintiff's favor, and from an order denying defendant's motion for a new trial.

The material facts of the case, in so far as it is necessary to state them here, are as follows: On the 23d day of June, 1920, plaintiff was a passenger, with a drover's pass, upon a certain freight train, consisting of 32 cars, aside from the caboose. About three miles from Tulare, S. D., 8 cars of the train left the track. The first car to leave was a large gondola car. It was the ninth car from the engine. It and the 7 cars immediately following were the only ones that left the track. Behind these 8 were 16 other cars attached to the caboose, none of which left the track; and there were 8 cars attached to the engine, none of which left the track. There was a broken flange on one of the wheels of the gondola car. This break was 8 or 9 inches in length. The train was equipped with air brakes. The speed of the train at the time the cars left the track according to the evidence was from 15 to 25 miles per hour. Plaintiff was riding in the caboose, and at the time of the wreck was sitting on a bench at a distance of 12 or 14 feet from the front end of the caboose. He was thrown against the front end of the caboose. The following day he was stiff in the neck, shoulders, and back. He was dizzy; had pains in the head and a headache. He has had a headache every two or three days since the injury. When he looks up he gets

dizzy. He does not sleep well; he attributes this to the injury to his neck and shoulders and the intense pain there.

The plaintiff in his testimony in substance states that the caboose stopped instantly at the time the cars went off the track, while the testimony of the defendant is that it came to a gradual stop. The conductor and brakeman were in the cupola, and, upon the cars leaving the track, the conductor applied the emergency brake, and then climbed to the floor. The plaintiff got off the train without assistance; had no appearance of being injured; walked to the engine, climbed on it, took a seat besdie the fireman and went to Tulare, a distance of about three miles. He had dinner with the trainmen and did not greatly complain of any injury. He did not report any injury to the company.

The three cars containing the horses after the wreck were attached to another train and proceeded to their destination (St. Louis), on the way passing through Mitchell, Des Moines, Sioux City, and Moberly, Mo. The horses were unloaded and fed at some of these places. The plaintiff accompanied them the whole way, riding in the caboose. He testified he saw a doctor in Des Moines and got some liniment. This doctor was at the hotel where he stopped. He did not know his name, though he wrote to a friend at Des Moines to get some information in that respect. He stayed in St. Louis only just a very short time. Having completed the transaction of business, he returned. About seven months after the injury he was examined by a physician, Dr. J. E. Curtis, of Lemmon, S. D., who found the right side of plaintiff's neck and the inside of his shoulder to be tender on pressure; that he was sensitive on the inner side of the right shoulder and on the brachial plexus. He testified that this condition was due to some injury, and that he thought the condition he found would be more or less permanent, giving him more trouble at certain seasons of the year than at others; that he would not be able to do a great deal of work which required raising the arm from the body very far.

It is unnecessary to review all the evidence. It is only necessary to say that it is sufficient to make the questions of negligence and the proximate cause of plaintiff's injuries questions of fact for the jury.

The plaintiff testified:

"I noticed a heavily loaded gondola, loaded with lumber, double-

decked, and the lumber was swaying from one side of the road to the other." It was swaying a lot." "I remarked to the brakeman that that car was overloaded, and he just laughed about it."

The evidence is clear that the gondola car was the first that went off the track. It did so at a curve in the road. Presuming that this testimony was true, and that the car was heavily loaded and double-decked and was swaying from side to side, these facts would be some evidence that that car was improperly and negligently loaded. If the lumber were double-decked, that would likely mean that it was piled quite high on the car, and the weight of it swaying towards the inside of the curve would have a tendency to throw or pull that car from the track, and especially would this be true on the curve. That condition, we think, would tend to pull the flange of the wheels more firmly against the rail, and, if any flange on the wheels of this car toward the inside of the curve gave way, the car could not well help leaving the rails.

The foregoing evidence, taken in connection with other evidence showing the improper condition of the track at the curve, establishes facts sufficient upon which the jury could say that the defendant was negligent. With reference to the condition of the track, the plaintiff testified:

"I noticed that it was soft along that bend. I noticed a crew working there.

"Question. This condition of the track you were talking about, you mentioned about loose dirt, was the loose dirt that was loosened by the wreck? Answer: It was loose dirt where there had been men working there.

"Question. How do you know? Answer: Because I saw it.

"Question. Did you see it in any other place but where the cars had gone off? Answer: Forward of where the cars went off when I walked up to the engine."

We think also that the jury could say that under the evidence the negligent manner in which the gondola car was loaded and the improper condition of the track at the place of the accident were the proximate cause of plaintiff's injuries. The jury, having found in plaintiff's favor on a general verdict, must have found that the defendant was negligent in the respects we have just mentioned, and that such negligence was the proximate cause of plaintiff's injury. We think the amount of damages

resulting from the injuries sustained has been established by competent evidence.

Defendant objected to the introduction of the evidence of Dr. Curtis on the theory that, his examination of the plaintiff having been made on the 10th day of January, 1921, about seven months after the injury, there was no foundation laid and no basis on which the defendant might be held responsible for the condition the plaintiff might have been in at the time of such examination. The objection was overruled, and in this we think there was no error. Dr. Curtis testified only to the physical condition in which he found plaintiff at the time of the examination. There was other evidence which fairly showed plaintiff's physical condition from the time of his injuries until the time Dr. Curtis examined him as well as other evidence as to the character of the injuries. The court did not err in submitting the case to the jury. It is claimed that the plaintiff's testimony is in conflict with the physical facts, undisputed evidence, and the weight of the testimony. All of the facts, the credibility of the witnesses, and the weight of the testimony were for the jury. The verdict is not against the law and is not excessive. The court properly denied the defendant's motion for a directed verdict at the close of the evidence.

Error is assigned on a refusal of the court to give certain instructions. In this there was no reversible error, as the substance of the requested instructions was fairly covered in the general charge. It is assigned and specified as error that certain language of the plaintiff's counsel in his address to the jury was prejudicial. The defendant states that at such time the language used was as follows:

"The law says to the railroad company that the law allows you to charge those high rates so we will have enough surplus money to pay those personal injury claims."

Defendant objected to this language. The trial court merely stated:

"Yes; the counsel will confine himself to the evidence introduced in this case."

The plaintiff in his brief claims that the language to which objection is made was used by his attorney in reply to certain language used by defendant's attorney while addressing the jury to the effect:

"That the jury by bringing in a verdict against the defendant would ultimately have to pay that verdict themselves, in the form of freight rates and passenger rates; that the expenses the railroad company were put to in paying those personal injury judgments were the cause of the high freight rates and passenger rates."

If this were true, and the irregularities in this respect complained of by both parties were properly presented to the court, under the rule announced in Leidgen v. Jones (N. D.) 179 N. W. 714, defendant would not be in a position to complain; furthermore, the irregularity complained of was not properly presented to this court, there being no sufficient record showing the language used.   Erickson v. Wiper, 33 N. D. 193, 222, 157 N. W. 592.

Defendant at the trial on its cross-examination of plaintiff endeavored to show that on one occasion he had been thrown from a horse; that on another occasion he had been in an automobile accident; that he had freely used intoxicating liquors; that the pain which plaintiff suffered might be due to rheumatism.   It is sufficient to say that there is no evidence that shows or tends to show that plaintiff's injuries and his pain and suffering as established by the evidence are in any degree attributable to any of these matters.

We find no reversible error in the admission or exclusion of the evidence, nor in the instructions of law given by the court in its charge to the jury.   There is no prejudicial reversible error in the record.   The evidence is sufficient to sustain the verdict.

The judgment and order appealed from are affirmed, and the respondent is entitled to his costs and disbursements on appeal.


BIRDZELL, C. J., and BRONSON and ROBINSON, JJ., concur.


CHRISTIANSON, J. (concurring).   I concur in an affirmance.   In my opinion the questions of negligence and proximate cause were for the jury.   I believe that under the evidence presented in this case reasonab'e men in the exercise of reason and judgment might reasonably differ as to whether the defendant was negligent, and whether such negligence was the proximate cause of the injury sustained by the plaintiff.

I agree with what is said in the opinion prepared by Mr. Justice Grace as to the errors assigned on the instructions given and refused.

As to the error assigned upon remarks made by plaintiff's counsel during the argument of the jury, I am of the opinion that the appellant has wholly failed to present a record showing error.   The record presented does not show the language used.   It merely shows the statement of defendant's counsel as to what he claimed the language was.   This

statement was denied by plaintiff's counsel. As I read the record here the case falls squarely within the rule announced by this court in Erickson v. Wiper, 33 N. D. 193, 222.