## SOVEREIGN CAMP, W. O. W., v. DUKE.

No. 25732. Jan. 26, 1937.

Rehearing Denied March 9, 1937.

**300**

Stuart, Bell & Ledbetter, for plaintiff in error.

Foster & Roper and Herman Merson, for defendant in error.

HURST, J. This is an action on a life insurance policy issued by the defendant to Jasper W. Dukes providing for payment of $1,000 to his wife, the plaintiff herein, in the event of his death. The evidence disclosed that from June, 1928, until September 1, 1931, it was the custom of J. R. Chesbro, camp clerk of the defendant at Heber Springs, Ark., to call at the bank and there collect from the cashier the monthly dues, giving a receipt therefor, it being agreed insured would keep on deposit in said bank sufficient money for this purpose. About 1929 Chesbro was designated "financial secretary," and in lieu of salary, he received a certain amount of the dues he collected. He was placed under bond to the Sovereign Camp for the faithful performance of his duties, which were to collect, receive, and transmit to the defendant dues and assessments. From September 1, 1931, until January 25, 1932, when the insured died, Chesbro failed to call at the bank for the dues, although there was at all times sufficient money on deposit with the bank, and the policy was canceled in October, 1931. Neither the insured nor the plaintiff had any knowledge that the dues had not been called for and paid according to custom. There was a conflict in the testimony as to whether Chesbro called at the bank for the money, and the court submitted that issue to the jury under proper instructions. The jury returned a verdict for plaintiff for $980.55, on which judgment was rendered. From an order overruling motion for new trial, this appeal was taken.

The policy sued on stipulated that the constitution and by-laws of the defendant should form a part of the agreement. These laws provided for the automatic suspension of a member and rendering void his policy if the monthly dues were not paid during the current month. There were no provisions, however, specifying the method or place for collecting these dues.

The first contention is that, under the constitution and by-laws, knowledge of which is imputed to the insured, the member will be suspended if dues are not paid as provided, and these provisions cannot be waived by the camp clerk or financial secretary without the knowledge and consent of the Sovereign Camp.

The case of Sovereign Camp, W. O. W., v. Booker (1923) 93 Okla. 139, 219 P. 931, involving the same lodge, is decisive of this point. Under the rule adopted in that case, Chesbro, in collecting, receipting for, and transmitting the dues, was acting as the agent of the Sovereign Camp, and not as the agent of the insured. To the same effect is Sovereign Camp of Woodmen of the World v. Chaffer (1923) 92 Okla. 41, 217 P. 353. In the absence of an express agreement as to the place at which the dues are to be paid, the custom of the agent prevails, irrespective of actual notice to the principal, and the agent is under the duty to call at the usual time and place for the dues. The failure, neglect, or omission of the agent to perform this duty is imputed to the Sovereign Camp, and under such circumstances, there cannot be an automatic suspension of the insured without demand and refusal or notice that the custom has been discontinued. There has been no waiver by the agent, inasmuch as there were no provisions in the constitution, by-laws, or policy prescribing a definite place for payment.

It is next urged by the defendant that the lower court committed reversible error in not instructing the jury to hold for the defendant if they found that plaintiff or insured knew or should have known of the default in payment of the dues. There was no evidence to support this issue. It was uncontradicted that neither plaintiff nor insured had any actual knowledge that the monthly payments were not being made as usual from September, 1931, until the death of insured. It was the custom of plaintiff and insured to get their bank statements by request only at irregular intervals of about every six months, and the last statement received, in August, 1931, included receipts showing the policy to be in good standing. It is not reversible error for the trial court to refuse instructions on issues raised by

the pleadings, where they are not supported by competent evidence. Guest v. Shamburger (1926) 120 Okla. 164, 251 P. 97; Miller Bros. v. McCall Co. (1913) 37 Okla. 634, 133 P. 183.

It is also argued by the defendant that the instruction of the lower court was conflicting within itself. There is no merit in this contention. The instruction was correct under the authorities herein cited. Affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY and GIBSON, JJ., concur.