## CITY OF DUNCAN v. CANAN.

No. 28230.   June 21, 1938.

Rehearing Denied Sept. 13, 1938.

J. G. Clift, for plaintiff in error.

Ellis V. Gregory, Ray K. Bannister, and Morrison, Morrison & Morrison, for defendant in error.

RILEY, J.   This is an appeal from a judgment in favor of defendant in error in an action to recover damages for and on account of personal injuries, alleged to have been received as a result of the negligence of plaintiff in error.

The parties will be referred to herein as they appeared in the trial court.

Plaintiff alleges in his petition, in substance, that defendant owned and operated a municipal lighting system in the city of Duncan. That on or about November 11, 1935, defendant negligently, recklessly, and carelessly constructed an electric light line running from its line on the west side of the tracks of the Chicago, Rock Island & Pacific Railway Company, to serve a patron of said city located on the east side of said tracks. a short distance above the ground and not high enough to clear a person working on the top of cars while being switched from place to place in the yards of the railroad company; that said line extended from the line of defendant to a place of amusement located on the east side of the tracks; that plaintiff on the night of November 11, 1935, while engaged in the performance of his duty as a brakeman for the railroad company, on the top of a car being moved along the switch track which said electric light line crossed, and under said line, was caught by said wire and caused to fall on the car upon which he was working and between it and the next car, whereby he was seriously and permanently injured.

Defendant answered by general denial, admitting, however, its corporate capacity, and that it owned and operated a municipal lighting system as alleged in the petition, and specifically denied the alleged acts of negligence, and specifically denied that plaintiff was permanently injured, and further alleged that if plaintiff was injured as alleged in his petition, the injury was caused by the negligence of the Chicago, Rock Island & Pacific Company, its agents and employees, and the carelessness and negligence of the owners of the exhibition and place of amusement situated on the tracks of said company.

There is substantially no conflict in the evidence as to how the injury occurred. Defendant admits that its employees strung the light wire across and over the railroad tracks. The evidence is uncontradicted that plaintiff, while engaged in his duties as brakeman on the top of a moving boxcar, was caught by the wire and thereby injured. There is conflict in the evidence as to the extent and nature of plaintiff's injuries. All the controverted questions of fact were decided by the jury in favor of plaintiff.

The only alleged errors complained of go to instructions given by the court and in-

structions requested by defendant and refused.

It is first contended that the court erred in giving instruction No. 9, as follows:

"You are instructed that if you find from a preponderance of the evidence that the plaintiff, while standing on a car of the Rock Island Railway Company, while the same was moving under the wire erected by the defendant city, was injured as a direct and proximate result of being caught by a low hanging wire across the track in question and that this wire was the wire erected by the defendant, city of Duncan, then you are instructed that these facts would constitute prima facie evidence of negligence on the part of the defendant and the burden would then be upon the defendant to show that the dangerous situation of the wire was not due to the act of the defendant, and had not existed for such length of time as to charge the defendant with notice of its unsafe condition, and this like any other fact may be shown by the defendant by circumstantial evidence."

The instruction, as given, when considered with instruction No. 8, has been approved by this court as correctly stating the law, in Sweet v. Henderson, 72 Okla. 51, 178 P. 666.

It follows closely the instruction there under consideration which was requested and refused, but contains the additional statement omitted in the instruction in Sweet v. Henderson, supra:

"That the dangerous situation of the wire was not due to the act of defendant, and had not existed for such length of time as to charge the defendant with notice of its defective condition. * * *"

It is contended that the instruction as given invades the province of the jury in that it advises the jury as a matter of fact that the low-hanging wire created a dangerous situation. There is no conflict in the evidence that the wire was hanging low at the time of the injury of plaintiff. The uncontradicted evidence shows that there was a dangerous situation. There was no invasion of the province of the jury. A dangerous situation was self-evident.

The instruction followed the principle of law announced in Walmsley v. Rural Tel. Ass'n (Kan.) 169 P. 197, and approved in Sweet v. Henderson, supra. See, also, Demopolis Tel. Co. v. Hood (Ala.) 102 So. 35.

It is next contended that the court erred in giving instruction No 10. There was no error therein when taken in connection with instruction No. 9. It merely instructed the jury that if the jury should find by a preponderance of the evidence that plaintiff was injured by being caught by the wire erected by defendant, the verdict should be for plaintiff unless the jury should further find from all the facts and circumstances that the dangerous situation of the wires at the time of the alleged injury was not due to the acts of the defendant and had not existed for such length of time as to charge defendant with notice of its unsafe condition.

It is next contended that the court erred in refusing to give an instruction offered by defendant.

The first part of the instruction was sufficiently covered by instructions given.

The other part of the instruction is:

"And in this connection you are instructed that if you find there was some outside or intervening acts of third persons that caused the wires to become loose, the city would not be responsible for such acts of any third person."

There is no evidence of outside or intervening acts of third persons which caused the wires to become loose. The mere fact that a theory or defense is pleaded does not call for an instruction covering such theory or defense. Unless there is some evidence, direct or circumstantial, tending to establish such plea there is no issue thereon to present to the jury.

Finally, it is contended that the court erred in its instruction on the measure of damages.

The instruction complained of, taken as a whole, fairly states the law applicable under the facts and circumstances in evidence.

The judgment is affirmed.

BAYLESS, V. C. J., and WELCH, PHELPS, CORN, and GIBSON, JJ., concur.