JACKSON et al. *v.* VEACH.

No. 34432.   Nov. 20, 1951.

*237 P. 2d 899.*

Draper Grigsby, Oklahoma City, for plaintiffs in error.

Paul W. Updegraff and Harry G. Foreman, Norman, for defendant in error.

PER CURIAM. Plaintiff brought this action against Frank Jackson, doing business as the Jackson Trucking Company, George P. Manwarring as the driver of one of Jackson's trucks, and also against the Highway Insurance Underwriters, a corporation, as the insurance carrier for Frank Jackson. He alleged that he sustained personal injuries and damages to his automobile through the negligent operation of a truck belonging to Frank Jackson, being operated at the time by George P. Manwarring, the driver, and that the Highway Insurance Underwriters carried the insurance coverage on Jackson's truck which was operated as a Class B carrier for hire under Permit No. 6987 which was issued by the Corporation Commission of the State of Oklahoma.

Plaintiff's petition alleged that on September 6, 1947, at a point about one-half mile south of the city of Comanche, Oklahoma, the defendant Jackson's truck was being driven by the defendant George P. Manwarring, upon his master's business, and that the said truck was driven in a negligent and careless manner with the result that it side-swiped the automobile of plaintiff on a curve with resulting serious and permanent personal injuries to plaintiff and damages to his 1939 Ford 4-door sedan in the amount of $750.

The defendants filed a joint answer in the form of a general denial, and further pleaded that if plaintiff was injured and sustained damage to his automobile, it was due to the negligence of the plaintiff himself, and further charged that plaintiff was guilty of contributory negligence, or that the said accident was due to unavoidable casualty and without any negligence on the part of the defendants. The case was tried to a jury resulting in a verdict for plaintiff against all of the defendants, and each of them, in the amount of $6,000. The liability of the defendant Highway Insurance Underwriters had been limited by the court's instructions to $5,000 for personal injuries and $750 for property damage. The court thereupon required a remittitur of $250 in favor of the defendant Highway Insurance Underwriters, and rendered judgment on the verdict against Frank Jackson, doing business as the Jackson Trucking Company, and George P. Manwarring, and each of them, in the sum of $6,000 and judgment against the Highway Insurance Underwriters in the sum of $5,750.

The assignments of error are presented under five propositions: First, that the verdict is not sustained by suf-

ficient evidence and is contrary to law, and that the damages are excessive, and appear to have been given under the influence of passion and prejudice. Second, that the court erred in failing to instruct on the theory of unavoidable accident, that issue having been raised and pleaded in the answer of defendants. Third, error of the court in excluding evidence that a passenger in plaintiff's automobile at the time of the accident was intoxicated. Fourth, that the verdict is contrary to and disregards the court's instructions in that the jury returned a verdict of $6,000 against all defendants when the evidence showed that the liability of the defendant Highway Insurance Underwriters was limited by the terms of its policy to $5,000 for personal injury and $1,000 for property damage. Fifth, error of law occurring at the trial and excepted to by defendants.

The evidence showed that plaintiff's car was being driven in a northerly direction around a curve, and the defendant's truck loaded with cattle was traveling south on the opposite side of the highway. The two vehicles evidently side-swiped each other, and plaintiff, who was an experienced mechanic, lost all of the bone of his left elbow joint from just above the joint to a point just below the same. One of the chief issues in the case was whether or not the plaintiff was intoxicated at the time of the accident. Plaintiff produced three witnesses to uphold his contention that he was driving in a careful manner on his own side of the road, and was not under the influence of intoxicating liquor at the time of the accident. One of these was his brother, Sgt. Charlie Veach, the plaintiff himself, and C. C. Kimberlin who was a deputy sheriff of Stephens county, Oklahoma, at the time of the accident, and at the time of the trial was chief of police of the town of Comanche, Oklahoma.

The witness Kimberlin picked the plaintiff up immediately after the accident and took him to the hospital in Comanche in his car. He testified positively that the plaintiff was not under the influence of intoxicating liquor at the time. The plaintiff himself and his brother, Sgt. Charles Veach, also denied that plaintiff was under the influence of intoxicating liquor.

On behalf of the defendants, the witness, George P. Manwarring, testified that he could not smell anything on the plaintiff's breath when he came up to where the plaintiff was lying on the highway. He did notice that there was about half a case of beer, or at least several bottles, lying on the back seat of the plaintiff's car. The witness, W. J. Cormack, testified that he was a member of the Oklahoma Highway Patrol, and was called to the scene of the accident on September 6, 1947. The plaintiff had been removed from the scene of the accident at that time, but Patrolman Cormach noticed about three-fourths of a case of beer lying around and in the plaintiff's car. The patrolman went to the hospital and talked to the plaintiff, and in his opinion the plaintiff was drunk while he was in the hospital. A charge of drunken driving was later filed against the plaintiff by the county attorney of Stephens county, but this case had not been disposed of at the time of the trial. A witness for the defendants, Dr. John Florence, testified that he saw the plaintiff at the time he was brought into the hospital after the accident. The doctor could not obtain a case history from the plaintiff at that time, and in his opinion he was intoxicated. However, the doctor admitted that if the plaintiff had had sedatives administered to him in the form of two one-quarter-grain doses of morphine it would have placed the man in a state of stupor.

It will thus be seen that the evidence of plaintiff and defendants relating to whether or not plaintiff was intoxicated was in irreconcilable conflict. Under such circumstances it became the province of the jury to resolve the issues, both as to the question of whether or not the plaintiff was intoxicated, the negligence of the defendant truck driv-

er, and also the question of contributory negligence of the plaintiff, if any. We do not believe the findings of this jury, later supported by the trial court in rendering judgment thereon, should be set aside.

Verdict in law action, supported by competent evidence, will not be disturbed on appeal. Missouri Motor Distributing Co. v. Barker, 170 Okla. 183, 39 P. 2d 544; Johnson Oil Refining Co. v. Elledge, 175 Okla. 496, 53 P. 2d 543.

Neither can it be said that the verdict of the jury in the amount of $6,000 against the defendants George P. Manwarring and Frank Jackson, or the judgment for $5,750 against the Highway Insurance Underwriters may be deemed excessive under the circumstances. The plaintiff has lost the entire use of his left arm, and will be seriously handicapped for the balance of his life. There is no showing in the record that this jury was actuated by passion, partiality, prejudice or corruption.

"In an action for damages for personal injuries sustained, the court will not grant a new trial on the ground of excessive damages unless the amount awarded be so flagrantly outrageous and extravagant as to clearly show that the jury was actuated by passion, partiality, prejudice or corruption." Oklahoma Producing & Refining Corporation of America v. Freeman, 88 Okla. 166, 212 P. 742; Marland Refining Co. v. Harrel, 167 Okla. 548, 31 P. 2d 121; Kurn v. Margolin, 187 Okla. 135, 101 P. 2d 818.

As to the defendant's second assignment of error, there is nothing contained in the evidence that tends to support the theory that the accident was unavoidable. There was competent evidence in the record to sustain the plaintiff's contention that the truck was too far on the left side of the highway on the curve, and that there were no clearance lights on the bed of the truck. Under such circumstances, it was not incumbent on the court to instruct on the defendants' theory of unavoidable accident.

"The fact that a theory or defense is pleaded does not require an instruction covering such theory or defense unless there is evidence tending to establish the plea." Osenbaugh v. Virgin & Morse Lumber Co., 173 Okla. 110, 46 P. 2d 952; Sovereign Camp W.O.W. v. Duke, 179 Okla. 299, 65 P. 2d 484; City of Duncan v. Canan, 183 Okla. 315, 82 P. 2d 663; Magnolia Petroleum Co. v. Galloway, 183 Okla. 432, 83 P. 2d 174; First Nat. Bank in Pawhuska v. Lewis, 193 Okla. 678, 146 P. 2d 840.

The third assignment of error deals with the offer of proof that the third party in the car was under the influence of intoxicating liquor at the time of the accident. This evidence could not be used as proof that the plaintiff himself was in an intoxicated condition. The exclusion of such evidence was not reversible error under the circumstances.

The fourth and fifth assignments of error deal chiefly with the form of the verdict rendered by the jury the only irregularity seeming to be that the plaintiff had only pleaded and proved $750 damage to his automobile, whereas the judgment against the Highway Insurance Underwriters was obviously for $250 more than that amount. This contradicted the court's instruction in regard to the amount of any judgment to be rendered against the Highway Insurance Underwriters under its contract of insurance to protect its co-defendants against property damage. Remittitur was ordered for the excess in the amount of $250, and judgment thereafter rendered against the Highway Insurance Underwriters in the amount of $5,750. No requested instruction was submitted by the defendants which properly stated their theory as to the measure of damages.

"Where plaintiff sustained painful and serious injuries which would in part at least be permanent and no contention was made that verdict for plaintiff is excessive, error, if any, of instruction upon measure of damages was harmless where no other instruction stating measure of damages was given or requested." Reinhart & Dono-

**332**

van Co. v. Dunlap, 200 Okla. 512, 197 P. 2d 958; Eagle-Picher Mining & Smelting Co. v. Drinkwine, 192 Okla. 662, 141 P. 2d 66.

The judgment is affirmed, and our attention having been directed to the supersedeas bond filed by the defendants herein, judgment is hereby entered against the defendants and the American Insurance Company of New York, the surety on the said bond.

This court acknowledges the services of Attorneys E. S. Champlin, W. E. Crowe, and Hugh Conway, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.