Ray CROSBY, Plaintiff and Respondent,

v.

Martin SANDE and Monte L. Sande and Robert Ward, Defendants and Appellants, Lyle Ward, Defendant.

Civ. No. 8603.

Supreme Court of North Dakota.

Sept. 23, 1970.

Letnes & Marshall, Grand Forks, for Martin Sande and Monte L. Sande, defendants and appellants.

A. J. Fosaaen, Cando, for Robert Ward, defendant and appellant.

Duffy & Haugland, Devils Lake, for plaintiff and respondent.

PAULSON, Judge.

This is an appeal from an order granting a new trial to the plaintiff, Ray Crosby. This action arose as the result of a motor vehicle collision which occurred on August 13, 1966, at approximately 11:30 in the evening. The accident took place about one mile south of the city of St. John, North Dakota, on Highway No. 30. A 1966 Chevrolet pickup truck owned and operated by Ray Crosby, which was being driven in a southerly direction, collided with the rear end of a 1955 Chevrolet sedan owned and operated by the defendant, Robert Ward, whose vehicle, with its motor running, was stopped in the lane of travel for vehicles proceeding in a southerly direction. The defendant, Monte L. Sande, at the time of the accident, was sitting in his 1957 Chevrolet automobile, which vehicle, with its motor running, was stopped in a position, with its headlights on and fac-

ing in a northerly direction, on the east edge of the highway so that he could visit with the defendant Robert Ward, who was also sitting in his vehicle on the opposite side of the road. Crosby asserted that the headlights of the Sande vehicle blinded him so that he did not see the Ward vehicle until it was too late to avoid the accident.

The case was tried to a jury which returned a special verdict finding that the defendant Monte L. Sande was not negligent in the operation of the vehicle which he was driving; that the defendant Robert Ward was negligent in the operation of his vehicle; and that the plaintiff Ray Crosby, was contributorily negligent as a matter of law in the operation of his vehicle. Pursuant to this verdict, a judgment was entered on April 13, 1968, dismissing Crosby's action.

On April 25, 1968, Crosby made a motion for a judgment notwithstanding the verdict or in the alternative for a new trial. Crosby's motion was resisted by the defendants. The trial court denied the motion for a judgment notwithstanding the verdict and granted the motion for a new trial. The Sandes and Ward have appealed from the order of the trial court granting a new trial. It should be noted that no appeal was taken from the denial of the motion for a judgment notwithstanding the verdict by Crosby, and, therefore, any issue relevant to the denial of a motion for judgment notwithstanding the verdict is not before this court and will not be discussed.

The pertinent parts of Crosby's motion for a new trial are as follows:

"The evidence is insufficient to sustain a verdict and is sufficient to establish as a matter of law the liability of the defendants to the plaintiff in that the evidence shows beyond question that on or about 11:30 P.M. on August 13, 1966, the defendant Robert Ward parked his automobile facing South on a highway with his lights off, and that the defendant Monte L. Sande parked his automobile on the same highway facing North with his lights on, and that thereby they created an entrapment for the plaintiff who was proceeding in his lane of travel in a Southerly direction on the same highway and that by virtue of the fact that the lights from the Sande car partially blinded him as he approached the Ward car and by reason of the fact that the Ward car had no taillights the plaintiff was unable to see the Ward car in time to avoid a collision and that therefore both the defendants were negligent in setting a dangerous situation and the plaintiff was not negligent under the circumstances, and that accordingly the plaintiff was entitled to a directed verdict reserving to the jury only the question of damages.

"ERRORS OF LAW

"1. Notwithstanding the fact that counsel for the defendants was admonished by the Court he continually mentioned in argument that liquor had been consumed by the plaintiff prior to the accident and thereby created prejudice against the plaintiff;

"2. That the verdict was against the evidence and was given under the influence of passion and prejudice;

"3. All rulings adverse to the plaintiff upon the trial of the action."

We are next confronted with the issue of whether Crosby's motion for a new trial was timely. The Sandes and Ward urge that under Rule 59(i), North Dakota Rules of Civil Procedure, the order granting the motion for a new trial was not timely because the court's decision is based upon a specification of error not raised by Crosby, but on the court's own initiative, and since the court did not order a new trial on its own initiative within ten days from the entry of the judgment the order granting the motion for a new trial did not come within the time set forth in

Rule 59(i). Rule 59(i), N.D.R.Civ.P., provides:

"*(i). On initiative of court.* Not later than ten days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and in the order shall specify the grounds therefor."

The contentions of Ward and the Sandes are without merit. A perusal of Crosby's motion for a new trial shows that he included in his petition the grounds upon which the trial court granted the new trial. A review of the record reveals that Crosby's motion was accompanied by a brief detailing and definitizing the various tactics employed by counsel for Ward and the Sandes by alluding to and referring by innuendo to liquor, so that the alleged intoxication of Crosby would pervade the trial and result in an adverse verdict. The verdict of the jury was returned and received by the trial court on March 22, 1968. The motion for a new trial was served upon opposing counsel by mail on April 25, 1968. Rule 59(c), N.D.R.Civ.P., is applicable and, since the motion was made within sixty days, the argument of counsel is not persuasive. We conclude that the motion was made within the 60-day period and, further, that Rule 59(i) is not controlling.

When an appeal is taken from an order of the trial court granting a new trial, the determinative question before this court on appeal from that order granting a new trial is whether the trial court had the grounds to exercise its discretion pursuant to Rule 59(b), N.D.R.Civ.P., and, if so, whether the trial court abused that discretion. Muhlhauser v. Archie Campbell Construction Co., 160 N.W.2d 524 (N.D.1968).

The trial court granted the motion for a new trial on the basis that the attempted interjection during the trial of the issue of intoxication was prejudicial to Crosby's case and that the jury's verdict against Crosby resulted from improper influence and thereby prevented him from having a fair trial. The pertinent provision of Rule 59(b), N.D.R.Civ.P., is as follows:

"*(b) Causes for new trial.* The former verdict or other decision may be vacated and a new trial granted on the application of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:

"1. Irregularity in the proceedings of the court, jury, or adverse party, or any order of the court or abuse of discretion by which either party was prevented from having a fair trial; * * *"

A motion for a new trial is addressed to the sound judicial discretion of the trial court. Muhlhauser v. Archie Campbell Construction Co., *supra,* 160 N.W.2d at 525; Sullwold v. Hoger, 110 N.W.2d 457 (N.D.1961); Hamre v. Senger, 79 N.W.2d 41 (N.D.1956). The discretion to be exercised by the trial court is a legal discretion to be exercised in the interests of justice and, where the motion is granted, it must appear that the alleged cause or ground had actual existence. Sucher v. Oliver-Mercer Electric, 151 N.W.2d 321 (N.D. 1967); Maier v. Holzer, 123 N.W.2d 29 (N.D.1963); Mann v. Policyholders' Nat. Life Ins. Co., 78 N.D. 724, 51 N.W.2d 853 (1952).

An order granting a new trial will not be reversed as readily as an order denying a new trial, since such order granting a new trial does not make a final determination. Appellate courts are much more reluctant to interfere with the action of a trial court granting a new trial than they are to interfere with the action of a trial court denying a new trial. Linington v. McLean County, 146 N.W.2d 45 (N.D. 1966); Mischel v. Vogel, 96 N.W.2d 233 (N.D.1959); Olson v. Thompson, 74 N.W. 2d 432 (N.D.1956); Blum v. Standard Oil Co., 68 N.D. 329, 279 N.W. 764 (1938); Kohlman v. Hyland, 56 N.D. 772, 219 N. W. 228 (1928).

In considering the above rules as they apply in determining the dominant issue before this court on appeal, it is necessary to summarize the trial court's basis for granting a new trial and then determine whether there was an abuse of discretion on its part.

The trial court in reviewing defense counsel's trial strategy and conduct, when the defendants had interjected the matter of intoxication into the case during the early stages of the trial, ruled that the plaintiff's alleged intoxication was not admissible under the pleadings; that the defendants continued to pursue the matter, first through the testimony of Mr. Good, and later in the arguments to the jury; and that, while the defendants had a right to oppose the court's ruling eliminating the issue of intoxication, the defendants did not have a right to resist that ruling in the manner which they employed, but, rather, had only a right to preserve any alleged errors on appeal. Based upon the continuous references to the issue of intoxication made by the defendants, the trial court concluded that the trial of the action under these circumstances was prejudicial to the plaintiff and that the jury verdict against the plaintiff resulted from improper influence and thereby prevented the plaintiff from having a fair trial.

The Sandes and Ward contend that the trial court erred in refusing to permit them to introduce the alleged intoxication of Crosby as constituting some proof of contributory negligence on his part. The first reference to intoxication appears in the record during the cross-examination of the plaintiff, Ray Crosby. It is as follows:

"Q At that time when you were out on the outskirts of the city did you have all your faculties?

"MR. HAUGLAND: Going to object, calling for conclusion of witness.

"THE COURT: Overruled.

"A Yes.

"Q Had you had any intoxicating beverages to drink that evening?

"MR. HAUGLAND: Going to object, not covered in direct examination.

"THE COURT: It is not an issue in lawsuit. As far as I am concerned the objection is sustained."

Subsequently, Ray Crosby was asked the following:

"Q Mr. Crosby, from the time that you had left Rolla, North Dakota, that day until the time of the accident, had you partaken of any kind of drink or food which affected your driving?

"MR. HAUGLAND: Object to, immaterial, was not gone into on direct examination.

"THE COURT: Sustained.

Thereafter, out of the presence of the jury, the defendants made an offer of proof that Ray Crosby would testify that he had had three drinks of bourbon and water within about a two-hour period of time on the same day of the accident. The defendants contend that Crosby testified that he was in complete control of his faculties and the jury should decide whether the drinking affected his ability to drive.

The defendant, Ward, submitted that the issue of intoxication was a part of the case in that intoxication was alleged in his separate answer to Crosby's complaint. The allegation is as follows:

"As a further defense these defendants [Ward] allege that the sole proximate cause of the accident was the carelessness and gross intoxication of the plaintiff."

Ward's answer also contained the following allegation:

"By way of counter claim the defendants herein Lyle Ward and Robert Ward allege that due to the carelessness and intoxication of plaintiff they suffered

damages to a motor vehicle in the amount of Three hundred dollars."

This counterclaim was severed by the trial court from the main action and a separate trial was ordered as to this issue. The trial court's order was made pursuant to Rule 42(b), N.D.R.Civ.P.

The trial court ruled that the issue of intoxication had not been previously pleaded and therefore was not an issue in the case because gross intoxication had not been alleged as a part of the affirmative defense of contributory negligence, citing Froh v. Hein, 76 N.D. 701, 39 N.W.2d 11 (1949).

We find, in reviewing the decision in Froh v. Hein, *supra*, that the court's decision was not based solely upon the conclusion that there was no claim of intoxication pleaded, and, therefore, that it was not an issue in the case. The court in that case said: "A party must offer to prove the facts sought to be elicited from a witness before he can assign error upon an objection sustained to a question, the competency of which is not apparent upon its face." The basis for the decision in *Froh* was that, when one attorney asked a question about intoxication and opposing counsel objected upon the ground that intoxication was not raised by the pleadings and therefore was not within the issues, such objection was sustained. In the instant case, the attorneys for the Sandes made an offer of proof and preserved the error on appeal, whereas in *Froh* no such offer of proof was ever made.

■ After considering the above, we conclude that the allegation of "gross intoxication", as set forth in Ward's answer, although not a model of draftsmanship, was sufficient to raise the issue of intoxication and therefore the trial court erred in excluding the evidence which the defendants attempted to introduce before the jury.

■ The Sandes did not originally plead intoxication, but during the course of the trial moved to amend their separate answer to include an allegation of intoxication on the part of Crosby. This motion was resisted by Crosby, and the trial court denied the motion. The court's ruling was based upon the fact that the case had been pending since the previous October, that there had been considerable pre-trial activity in the case, and that even though the parties were aware of the intoxication issue, no motion for amendment of the pleadings had been requested until after the trial had commenced. Rule 15(a), N.D.R.Civ.P., provides that a party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the action has not been placed upon the trial calendar, he may so amend it at any time within twenty days after it is served. Otherwise a party may amend his pleading only by written consent of the adverse party or by leave of the court. If a motion is made to amend the pleadings, such motion submits the question of amendment to the informed, careful judgment of the trial court, and, in the absence of abuse of this discretion, this court on appeal will affirm the court's decision. C. I. T. Corporation v. Hetland, 143 N.W. 2d 94 (N.D.1966); J. R. Watkins Co. v. Vangen, 116 N.W.2d 641 (N.D.1962). This court has also held that leave of court shall be freely given when justice so requires. C. I. T. Corporation v. Hetland, *supra*; Galloway v. Forum Publishing Company, 138 N.W.2d 798 (N.D.1965). In the instant case, separate answers were filed both by the Sandes and by Ward, and no request was made by the defendants for separate trials. Therefore the trial was based upon the issues raised by all the pleadings. Furthermore, it is generally recognized that in nearly all of the vehicle accident cases in which the question has arisen whether the pleading alleged the negligence of the defendant or his agent, or contributory negligence on the part of the plaintiff or his decedent, it has been held or recognized that evidence tending to prove the opposing party's intoxication was admissible notwithstanding the fact that the pleading

failed to allege such intoxication. 26 A.L. R.2d 359–365. When a party has testified that he was driving with care and prudence, he may be cross-examined as to whether he had been drinking, since such cross-examination is relevant to the question of the manner in which he was driving. What effect the consumption of intoxicants had upon the operation of his vehicle, if at all, would be a question for the jury. We find, that where Ward had pleaded "gross intoxication", it was error for the trial court to exclude evidence of Crosby's consumption of intoxicating liquor because it would be inconsistent not to find that the issue of intoxication was clearly before the court during the trial and that such testimony should have been presented to the jury. We determine that the trial court erred in refusing to permit testimony to be adduced concerning intoxication, even though intoxication was not specifically pleaded by the Sandes, and in denying the Sandes' motion to amend their answer to include the issue of the alleged intoxication of Crosby as a part of the affirmative defense of contributory negligence. Delay may be a ground for denying a party the right to amend the pleading. Blasl v. Peterson, 78 N.D. 915, 53 N.W.2d 856 (1952). However, when justice requires, the amendment should be allowed and such is the circumstance in the instant case.

 It may be noted that the testimony which was attempted to be elicited from Crosby was through cross-examination by the attorneys for the Sandes and Ward. This court has held, in Hogen v. Klabo, 13 N.D. 319, 100 N.W. 847 (1904), that cross-examination is proper though it calls for facts not testified to on direct examination, but relating to the same subject matter and bearing upon the main fact toward which the examination in chief was directed. This court has further held, in Linington v. McLean County, 161 N.W.2d 487 (N.D.1968), that opposing counsel, while cross-examining, has the duty to elicit from an adverse witness the answers and

admissions which are pertinent to the trial of the case and is entitled to considerable latitude in cross-examination. As a general rule a wide latitude is or should be permitted on cross-examination [98 C.J.S. Witnesses § 377a; 58 Am.Jur., Witnesses § 623]; and, in addition, it is error for the trial court to unduly restrict or limit the scope and extent of cross-examination. 98 C.J.S. Witnesses § 377b; 58 Am.Jur., Witnesses § 624.

 In the instant case, the error of the trial court in its ruling which eliminated further testimony concerning the drinking of intoxicants, perpetuated further error in restricting the cross-examination of Crosby. All surrounding circumstances must be available for the jury's consideration. In State v. Loyland, 149 N.W.2d 713 (N.D.1967), this court determined that it was error to exclude from the jury's consideration evidence concerning the presence of beer cans which were found in the defendant's automobile. The court held in that case that the presence of the beer cans in the automobile driven by the defendant was a circumstance the jury had the right to take into consideration with all of the other evidence in the case in determining whether the defendant had operated the vehicle without due caution and circumspection. Therefore, we find that, under the circumstances in the instant case, the ruling by the trial court which eliminated any further testimony as to Crosby's drinking of intoxicants, resulted in an undue restriction and limitation of the Sandes' and Ward's rights to cross-examination.

The Sandes and Ward contend that, based upon certain findings, the trial court erred in granting a new trial.

The trial court found that after the court's ruling during the trial that intoxication was not in issue and that any evidence in support thereof was inadmissible, counsel for the Sandes and Ward intentionally offered evidence which implied that Crosby was intoxicated; that Mr.

Good's testimony was prejudicial to Crosby; that counsel for the Sandes and Ward made improper arguments to the jury, which arguments included allusions to Crosby as being intoxicated, and that due to such references, counsel's conduct prejudicially transcended the essential rule of traditional and orderly trial procedure, which prevented Crosby from having a fair trial.

With regard to these findings, the Sandes and Ward contend that the arguments to the jury should not have been considered by the trial court and, furthermore, that on appeal there is no transcript of those arguments upon which this court can review such improper arguments as referred to by the trial court. In support thereof, the Sandes and Ward cite the following cases which hold that this court will not review alleged error of improper arguments to the jury unless there is a transcript to support the contention that the arguments were improper and, therefore, prejudicial error. Larson v. Meyer, 135 N.W.2d 145 (N.D.1965); Tice v. Mandel, 76 N.W.2d 124 (N.D.1956); Broste v. Farmers Union Cooperative Elevator Co., 71 N.W.2d 55 (N.D.1955); Clark v. Josephson, 66 N.W.2d 539 (N.D.1954); Morton v. Stensby, 59 N.D. 784, 232 N.W. 6 (1930); Hurley v. Chicago, M. & St. P. Ry. Co., 48 N.D. 1251, 189 N.W. 322 (1922); Erickson v. Wiper, 33 N.D. 193, 157 N.W. 592 (1916).

Although we do not disagree with the rule set forth in those decisions, they are distinguishable from the case at bar in that in each of those cases, appeal had been taken from a denial of a new trial and error was alleged that counsel made prejudicial arguments to the jury. In the instant case, appeal is taken by the Sandes and Ward from the order granting a new trial. Their contention is that the trial court abused its discretion in finding from the arguments of counsel for the Sandes and Ward to the jury that they had made improper arguments. Under this set of facts, the burden was upon them to show that

such conclusion of the trial court was an abuse of its discretion and therefore that they must submit upon appeal a transcript of the arguments to the jury, showing that their arguments were not improper.

Under the rules as set forth by the cases cited by the Sandes and Ward, this court said, in Erickson v. Wiper, *supra* 157 N.W. at 602:

"In this case the record does not show the language used. It merely shows the objection, and the court's ruling thereon. This is clearly insufficient to permit a review. So far as this court knows, the conclusions of defendant's counsel as to what plaintiff's counsel said may have been entirely erroneous. There is no greater presumption that plaintiff's counsel misquoted the evidence in his argument, than that defendant's counsel misquoted the remarks of plaintiff's counsel in his objection. The trial judge knew. He overruled the objection. He said it was not well founded. For what reason we do not know. It might have been that the remarks were never made. *The presumption is that the trial court's rulings were correct, and the burden is upon the appellant to show affirmatively by the record that the rulings were incorrect.* If the rulings can be sustained on any ground, this will be done. \* \* \*

"Nor are we prepared to say that the argument of plaintiff's counsel, if made as assumed in the objections, would constitute prejudicial error." [Emphasis added.]

 This rule as applied in the instant case, where the Sandes and Ward are the appellants, places upon them the burden of proof and they must show that the trial court's decision as to improper arguments to the jury was incorrect. They have not produced a record, so we must presume that the trial court's conclusion was correct and therefore the Sandes' and Ward's contention in this regard is without merit.

We have reviewed the other findings of the trial court and find that its conclusions are supported by the record. The Sandes and Ward do not contend that the record to which the trial court has referred in its memorandum decision is not supported by the evidence, and they generally admit that the memorandum decision is supported by the evidence, but they dispute the court's conclusions drawn from such evidence.

This court said, in Sucher v. Oliver-Mercer Electric, *supra* 151 N.W.2d at 328:

"The appellate court is limited to a consideration of whether the trial court clearly abused its discretion in ordering a new trial. The question presented to the appellate court is not whether a new trial should be granted or denied, but whether the trial court abused its judicial discretion in ordering a new trial."

 It is the right of counsel for every litigant to present his claim even if it appears untenable to obtain the court's considered ruling. Where the ruling is adverse it is not counsel's right to resist it— his right is only respectfully to preserve his point for appeal. In the instant case counsel preserved the error of excluding evidence of Crosby's alleged intoxication by a timely offer of proof. Counsel acted improperly when they persisted in offering testimony, by different methods, in an effort to show that Crosby was intoxicated; that is, by attempting to suggest or imply that the vehicle operated by Crosby was weaving from side to side on the road; in attempting to elicit testimony concerning the sobriety of a passenger in Crosby's pickup, with the avowed intention of imputing the passenger's intoxication to Crosby; and in presenting improper arguments to the jury, which arguments indirectly, but pointedly, alluded to Crosby's alleged intoxication. The record does not reveal that Crosby's vehicle was being operated in an unusual manner. Furthermore, the evidence that a passenger was intoxicated at the time of the accident cannot be used as proof that the driver himself was intoxi-

cated. Jackson v. Veach, 205 Okl. 329, 237 P.2d 899 (1951); 11 Blashfield—Cyclopedia of Automobile Law and Practice 3rd Ed. § 427.3, p. 522; 9C Blashfield—Cyclopedia of Automobile Law and Practice § 6186, p. 282. We adhere to the rule established in Jackson v. Veach, *supra*. Although the trial court was in error in refusing to permit the introduction of evidence of intoxication, the action of counsel for the defendants, in persisting, contrary to the court's rulings, in attempting to introduce into the case evidence of intoxication by varied methods heretofore mentioned, constituted such a gross violation of the accepted standards of trial practice that we will not overrule the trial court in its efforts to maintain the decorum of the court by the granting of a new trial, in which new trial Crosby would have an opportunity to refute such evidence as may be offered by the defendants, as to the alleged intoxication of Crosby.

The Sandes and Ward urge that the trial court erred in granting a new trial where it had denied respondent Crosby's motion for judgment notwithstanding the verdict and where the court in its memorandum decision found " * * * and alleged errors in the trial of the case, including court rulings on evidence, are not considered". This quoted language was taken out of context from the trial court's memorandum decision. The trial court, in its memorandum decision, stated as follows:

"In determining the sufficiency of the evidence, on a motion for judgment n. o. v., the evidence must be viewed in the light more favorable to the verdict.

[Citations omitted.]

and alleged errors in the trial of the case, including court rulings on evidence are not considered."

In 2B Barron & Holtzoff (Wright ed.), Federal Practice and Procedure § 1079, at pages 412–413, it is stated that:

"A motion for judgment notwithstanding the verdict presents solely a question

of law to be determined by the court * * *. The court has power to enter judgment notwithstanding the verdict only for one reason—the absence of any substantial evidence to support the verdict."

The Sandes' and Ward's contention relating to "alleged errors in the trial of the case, including court rulings on evidence" is not a question relevant to answering the issue of the sufficiency of the evidence to support the verdict of the jury. These errors, which may be subject to review, are not reviewable on appeal from an order granting or denying a motion for judgment notwithstanding the verdict.

We quote with approval from Linington v. McLean County, *supra* 146 N.W.2d at 53, in which this court said:

"That a motion for judgment notwithstanding the verdict can be denied and motion for new trial granted on the same record was clearly indicated by this court in Chicago, M., St. P. & P. R. Co. v. Johnston's Fuel Liners, Inc., N.D., 122 N.W.2d 140 * * *"

Since the district court in its memorandum decision did not pass upon the specification concerning the insufficiency or unsatisfactory nature of the evidence, it shall be presumed, on appeal, that the district court did not grant the new trial on that ground. Rule 59(f), N.D.R.Civ.P.

For reasons stated in the opinion, the order granting a new trial is affirmed.

TEIGEN, C. J., and ERICKSTAD, STRUTZ and KNUDSON, JJ., concur.