Arthur VARS, Sr.,

v.

**INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIPBUILDERS, BLACKSMITHS, FORGERS AND HELPERS.**

**Civ. No. 9044.**

United States District Court
D. Connecticut.
April 25, 1962.

See also 204 F.Supp. 241.

Smeraldi & Shafner, by Matthew Shafner, New London, Conn., for plaintiff.

Conway, Horwitz & Tamborra, by J. Patricia Smith, Norwich, Conn., for defendant.

BLUMENFELD, District Judge.

Claiming to have been expelled from membership in International Brotherhood of Boilermakers, etc. and its Local No. 614 in violation of his rights under the constitution of the union and the provisions of 29 U.S.C.A. § 411(a) (5), the plaintiff brought this action for restoration of his membership rights and reinstatement to the office of president.

In a ruling which denied both the plaintiff's motion for an injunction and the defendant's motion to dismiss, it was pointed out that the only matter properly at stake for determination by this court was whether the plaintiff was entitled to be reinstated as a member.

The plaintiff now moves for permission to file an amended complaint, which enlarges his previous complaint by adding allegations that the local was improperly placed under trusteeship in violation of the provisions of 29 U.S.C.A. § 462 and the applicable provisions of the International's constitution.

■ The defendant objects to the granting of permission to file the proposed amendment on the ground that to permit it would be an idle move, since the new claim which is incorporated in it cannot withstand a motion to dismiss. See Moore's Federal Practice, 2d Edition 1948, Vol. 3, p. 834. Having sought leave to amend, the plaintiff may be regarded as having waived his right to amend once, as a matter of course, which is granted by Rule 15(a) F.R.Civ.P., 28 U.S.C.A. Matter of Watauga Steam Laundry, D.C.E.D.Tenn., 1947, 7 F.R.D. 657.

*Jurisdiction*

[2] The amended complaint, in effect, seeks to add another cause of action against the International for a claimed violation by the defendant of sections of the Trusteeship Subchapter, particularly 29 U.S.C.A. § 462. The only basis upon which jurisdiction is claimed to exist is found in § 464(a), the last sentence of which reads:

"Any member or subordinate body of a labor organization affected by any violation of this subchapter (except section 461 of this title) may bring a civil action in any district court of the United States having jurisdiction of the labor organization for such relief (including injunctions) as may be appropriate."

No other basis of jurisdiction is necessary. Executive Board, etc. v. Electrical International Bro. of Electrical Workers, D.C.M.D., 1960, 184 F.Supp. 649, 652; Cf. Dowd Box v. Courtney, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962). However, § 464(a) also provides that:

"Upon the written complaint of any member or subordinate body of a labor organization alleging that such organization has violated the provisions of this subchapter * * the Secretary shall investigate the complaint and if the Secretary finds probable cause to believe that such violation has occurred and has not been remedied he shall, without disclosing the identity of the complainant, bring a civil action * *."

*Exhaustion of Administrative Remedy*

■ There is a sharp diversity of view as to whether the remedy available through the Secretary is one which must be exhausted before the aid of this court may be sought by a member or subordinate body.

On this issue, I find myself in agreement with the view that has been most fully developed by Judge Watkins in Executive Board, etc. v. Electrical International Bro. of Electrical Workers (supra) that is also followed by Railway & Steamship Clerks, Palisades Lodge 173 v. Railway & Steamship Clerk, 41 L.C. 16, 666 (Dec. 9, 1960). On any nontechnical construction of the English language, one would say that there are two separate and independent routes through which a

member or a labor organization may seek a remedy. The elaborate analysis of the legislative history and the interpretive bulletins of the Labor Department made by Judge Watkins, 184 F.Supp. 649, leaves me unable to find any basis for construing § 464 to require a member to exhaust any remedy through the Secretary of Labor before he presents a claim directly in his own behalf. Flaherty v. McDonald, S.D.Cal., 1960, 183 F.Supp. 300; Rizzo v. Ammond, D.C.N.J., 1960, 182 F.Supp. 456, cited as contra, discussed the question only in connection with other issues upon which those decisions were expressly rested.

### Standing of the Plaintiff

■ Having been expelled from the union after the trusteeship was imposed upon the local of which the plaintiff was then a member, the defendant contends that he does not now have standing to bring this particular action.

The defendant contends that the right to bring an action under Title III is limited, insofar as an individual in his individual capacity is concerned, to a "member" of the labor organization under attack. (29 U.S.C.A. § 464.) A "member" when used in reference to a labor organization under the Act with exceptions which do not include Title III, is "any person who has fulfilled the requirements for membership in such organization, and who neither has voluntarily withdrawn from membership nor been expelled or suspended from membership after appropriate proceedings consistent with the lawful provisions of the constitution and bylaws' of such organization." (29 U.S.C.A. § 402(o).) The Enforcement Section of Title I provides for the bringing of civil suit by "any person whose rights secured by the provisions of this title have been infringed by any violation of this title." (29 U.S.C.A. § 412.) "Any person" was used instead of "any member" obviously to cover persons claiming wrongful expulsion.

The defendant presses its argument that the legislature did not intend a person expelled from membership to be considered a "member" pending a court's decision as to whether or not he was expelled in violation of § 411(a) (5) because the legislature must be presumed to have been fully aware that in establishing and administering a trusteeship, a member might very well be expelled, and, therefore, it would have used the term "person", not "member", in the enforcement section of Title III if it intended that trusteeship violations should be the basis for any claim by a person expelled from the union.

However, the plaintiff in this suit also seeks to be reinstated to membership as of the time of his expulsion. The situation thus presented would seem to fall within Rule 18 F.R.Civ.P., Joinder of Claims and Remedies:

"(a) Joinder of Claims. The plaintiff in his complaint or in a reply setting forth a counterclaim and the defendant in an answer setting forth a counterclaim may join either as independent or as alternate claims as many claims either legal or equitable or both as he may have against an opposing party. There may be a like joinder of claims when there are multiple parties if the requirements of Rules 19, 20, and 22 are satisfied. There may be a like joinder of cross-claims or third-party claims if the requirements of Rules 13 and 14 respectively are satisfied.

"(b) Joinder of Remedies; Fraudulent Conveyances. Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action; but the court shall grant relief in that action only in accordance with the relative substantive rights of the parties. In particular, a plaintiff may state a claim for money and a claim to have set aside a conveyance fraudulent as to him, without first having obtained a judgment establishing the claim for money."

Applying the two sections of the rule to this case in inverse order, the claim which he seeks to assert as a member will be cognizable only after he has prosecuted his claim for reinstatement to a successful conclusion. Hypothesizing that the plaintiff had alleged that he was a member (an unwarranted license no more far-fetched than others have attempted), the defendant would have been put to the necessity of affirmatively alleging his expulsion which the plaintiff would then deny. In effect, the plaintiff might here be regarded as having pleaded an anticipatory replication. Rule 18(b) obviates the necessity of such devious pleading in order to frame the issue.

Passing from the pleading consideration to one more substantive to preclude a wrongfully expelled member from attacking the imposition of a trusteeship upon the local would, in some measure, at least, undermine the remedy against the misuse of the trusteeship device which the Congress intended to provide. See U.S.Code Cong. & Adm.News House Report, 1959, p. 2435, Senate Report p. 2333.

### Effect of Trusteeship Upon the Plaintiff

Under its constitution, the trustee is empowered to remove officers and appoint temporary officers, subject to the direction, instruction and approval of the International president and to implement an effective trusteeship.

If the imposition of a trusteeship operates in every case (as it must) to place control of its assets and activities in the hands of the trustee and the officers of the International, and the local's officers no longer function as such, except at the will of the trustee, then the effect which the imposition of a trusteeship has upon a particular officer can hardly have been intended to establish that he was, by virtue of that alone, "a member * * * affected by a violation of this subchapter." True, he may be affected qua officer, but qua member he is not affected in any way distinguishable from the manner in which any other member is affected. Whatever rights are possessed by any one member to have officers of his own choosing, exist in every other member. This claim under § 464 cannot be used to restore him to office.

Nevertheless, this plaintiff was a member at the time the local was placed under trusteeship and thereafter until he was expelled on October 23, 1961. He is not precluded from asserting his claim of a violation of the trusteeship provisions of 29 U.S.C.A. §§ 462, 464 by reason of the fact that he was expelled. If the violation occurred before he was expelled, his later expulsion may or may not have destroyed his remedy, even though his later expulsion was proper. An answer to that cannot be given now. This leads to the next question.

### Separate Cause of Action

■ Instead of adding a separate count claiming a violation of the Trusteeship Subchapter, the plaintiff has tendered an amended complaint attempting to weave this claim into the one previously brought to secure restoration of his membership rights and officer rights. Insofar as the previous complaint also sought reinstatement to the office from which he was removed, the court's ruling on the motion to dismiss that complaint made it clear that this court's jurisdiction does not embrace that claim. What was regarded as not permissible then, is no more permissible now. The motion to dismiss was used to test the complaint in its entirety, and not as a judicial screening to eliminate those portions which related to his claim for restoration to the office of president. Such process is usually undertaken as part of the inevitable pre-trial conference. The proposed substituted complaint purports to set forth three "separate and distinct causes of action"—(1) improper removal from office; (2) improper expulsion from membership; and (3) improper imposition of a trusteeship—rather than "three distinct grounds in support of a single cause of action." See Hurn v. Oursler, 289 U. S. 238, 246, 53 S.Ct. 586, 77 L.Ed. 1148 (1933).

His removal from office does not depend upon the same facts, nor was it based upon the same charges which supported his expulsion from membership. The imposition of a trusteeship affects an entirely different right.

A plaintiff may in his complaint set up as many independent or alternate claims as he has against a defendant, Rule 18(a) F.R.Civ.P. There is ample warrant for requiring these several claims to be stated in separate counts, Rule 10(b) F.R.Civ.P. To do so will further convenience, minimize confusion and avoid prejudice. See generally Moore's Federal Practice, 2d Edition, Vol. 2., p. 2007 et seq.

The motion for permission to file the substituted complaint submitted with this motion is denied with leave to submit a substituted complaint within thirty (30) days which shall set forth each one of the plaintiff's three separate claims in three separate counts.

It is so ordered.